159 So.2d 753 (1964)
George C. TOUCHET, Plaintiff-Appellant,
v.
FIREMEN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Defendant-Appellee.
No. 1015.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1964.
Rehearing Denied February 6, 1964.
*754 Dugas, Bertrand & Smith, by Fred M. Smith, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe, by John G. Torian, II, Lafayette, for defendant-appellee.
Before TATE, FRUGE and SAVOY, JJ.
FRUGE, Judge.
This suit was instituted by George C. Touchet, individually and as administrator of the estate of his minor son, George Gerald Touchet, against the liability insurer of plaintiff's automobile, Firemen's Insurance Company of Newark, New Jersey. The suit is for damages sustained by George Gerald Touchet as a result of an automobile accident on March 20, 1960. Since the institution of the suit George Gerald Touchet has become a major and is now the plaintiff. From a judgment dismissing the suit plaintiff appeals.
George C. Touchet was the owner of a 1955 Buick automobile. On March 20, 1960, he gave his son, George Gerald Touchet, permission to use the automobile for the purpose of going out for an evening of entertainment. At the time permission was given, a friend of the son, Leed Taylor, Jr., was present and left in the car with the son. The two boys spent the evening going to a few nightclubs. When the two decided to return home the son allegedly allowed Taylor to drive the automobile. On the return trip the automobile was driven into a ditch and George Gerald Touchet sustained injuries.
Suit was brought against the liability insurer of the automobile to recover for injuries sustained by George Gerald Touchet. The defendant was granted a summary judgment on the grounds that the Touchet family policy did not provide coverage since Taylor was driving. This Court reversed the summary judgment and remanded the case, holding that there was a genuine issue of material fact as to which of the two boys was driving the automobile. 146 So.2d 441. After a trial on the merits, the district court again dismissed the suit, holding that Taylor was the driver of the automobile and therefore the Touchet family policy did not provide coverage since Taylor was driving without permission of the named insured. From this judgment plaintiff appeals.
The trial judge concluded as a matter of fact that Leed Taylor, Jr., was the driver of the automobile at the time of the accident. From a reading of the record we cannot find manifest error in this conclusion.
*755 Since Taylor was the driver of the automobile we must now determine whether the Touchet family policy provided coverage when Taylor was driving. The pertinent parts of the policy read as follows:
"Persons Insured
"The following are insureds under Part I:
"(a) With respect to the owned automobile,
"(1) the Named Insured and any resident of the same household,
"(2) any other person using such automobile, provided the actual use thereof is with the permission of the Named Insured;" (Emphasis added)
* * *
"`Named Insured' means the individual named in Item I of the declarations and also includes his spouse, if a resident of the same household; `Insured' means a person or organization described under `Persons insured';"
The policy is of the type known as the standard Family Automobile Policy. The above quoted clause under "Persons Insured" is known as an "omnibus clause." The meaning of the omnibus clause has been settled by our jurisprudence. Under such clauses, any resident of the same household is insured under the policy. But third parties can only become insureds when they are driving the automobile with permission, either express or implied, of the named insured. Rogillio v. Cazedessus, 241 La. 186, 127 So.2d 743; Coco v. State Farm Mutual Automobile Insurance Co., La.App., 136 So.2d 288.
In the present case, therefore, we must determine whether Taylor was driving the automobile with the express or implied permission of the named insured, George C. Touchet. The record clearly shows that such permission was not express; if there was permission, it was implied. A test for this determination has been well stated in a Comment in 22 Louisiana Law Review 626, at page 634, in which the author stated as follows:
"As a general rule, where the first permittee has been granted more or less general discretion and control over the insured vehicle by the named insured, such general permission carries with it the implied consent for the first permittee to allow third persons to use the vehicle. Under these circumstances, a third person using the vehicle with the permission of the first permittee is considered as having the indirect and implied permission of the named insured to use the vehicle and thus becomes an omnibus insured. On the other hand, where the first permittee has been given the possession of the vehicle for the accomplishment of a specific mission, this restricted permission is not ordinarily held to include the authority to allow its general use by others. * * * At any rate, it seems well settled that the first permittee with restricted permission has no implied authority to allow its use by others for other purposes."
See also Coco v. State Farm Mutual Automobile Insurance Co., supra, and cases cited therein.
In the present case the record shows that the permission given George Gerald Touchet was not restricted but was general in nature. He was given general discretion and control over the automobile for an evening. There were no restrictions placed on his use of the automobile. There is some evidence showing that the father told his son to be careful, but this cannot be interpreted as a restriction on the son's use of the automobile. Under the facts of this case, when the father permitted his son to use the automobile for an evening of entertainment, with no restrictions, there was a general turning over of the automobile to the son and permission for others to drive was implied. We therefore hold that Leed *756 Taylor, Jr., was an insured within the meaning of the omnibus clause of the policy.
Defendant relies heavily on our holding in Coco v. State Farm Mutual Automobile Insurance Co., supra. That case is readily distinguishable from the present case. In the Coco case there was an express restriction by the named insured that his son was not to allow anyone else to drive the automobile. In the present case there was no such restriction; there was a general turning over of control of the automobile to the son.
Defendant argues that this Court may not even consider the question as to whether the named insured gave implied permission for Taylor to use the automobile. Defendant argues that such would be an enlargement of plaintiff's pleadings. The pertinent parts of plaintiff's petition in this respect read as follows:
"That on or about March 20, 1960, at approximately 3:00 o'clock A.M., petitioner's minor son, George Gerald Touchet, was a passenger in a 1955 Buick automobile owned by petitioner, George C. Touchet, and being operated at the time by Leed J. Taylor, Jr., with knowledge and consent of petitioner's minor son, George Gerald Touchet, to use the 1955 Buick; that petitioner gave his son, George Gerald Touchet, permission to use the car;"
"Petitioner further alleges that at the time of the accident herein referred to, there was in full force and effect, a policy of public liability and property damage insurance issued to petitioner, George C. Touchet, covering the 1955 Buick hereinabove described, which policy was issued by Firemen's Insurance Company of Newark, New Jersey and which policy insured George C. Touchet against all losses imposed by law in favor of third persons and losses, damages, and injuries of the nature of those herein sued on;"
Article 891 of the LSA-Code of Civil Procedure provides in part that the petition "shall contain a short, clear and concise statement of the object of the demand and of the material facts upon which the cause of action is based." And in the Comments under Article 865 of the LSA-Code of Civil Procedure the drafters state that "[t]he courts of this state have always professed never to favor technical objections and harsh rules of pleadings, and their decisions during the past quarter century have been in accord with their professed philosophy." We think that the pleadings in the present case adequately apprise the defendant of the material facts necessary for it to defend its case. Plaintiff alleges that there was a policy of insurance in force, that the son was using the automobile with permission of the father, and that Taylor was driving the automobile with the permission of the son. These pleadings were adequate on the question as to whether Taylor was an insured under the insurance policy.
We further hold that Taylor was negligent in his operation of the automobile at the time of the accident. Impartial testimony was introduced at the trial showing that the road was rough and that there were curves in the road. A witness testified that he saw the automobile going about sixty miles per hour on that road. He testified that he saw the headlights of the car dip and thereafter found the car in the ditch with the two boys in it. This uncontradicted evidence was enough to discharge plaintiff's burden of proving negligence on the part of Taylor.
In regard to quantum, the record shows that George Gerald Touchet sustained extensive injuries from the accident. He sustained two broken legs, lost two teeth, sustained bruises, sustained a broken jaw, and received punctures of the intestines. He was operated on three times. He remained unconscious for thirty-two days. He was in the hospital for about *757 two months and remained an out-patient for several months. He was unable to work for several months. The liability of the only defendant in this suit is limited by the insurance policy to $5,000. Although plaintiff's injuries would warrant a substantial award under our jurisprudence, we are nevertheless limited by the terms of the policy.
For the foregoing reasons the judgment of the district court is reversed. It is hereby ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, George Gerald Touchet, and against the defendant, Firemen's Insurance Company of Newark, New Jersey, in the full sum of Five Thousand and no/100 ($5,000.00) Dollars, together with legal interest thereon from date of judicial demand until paid, and for all costs in both courts.
Reversed and rendered.

On Application for Rehearing
En Banc. Rehearing denied.