422 So.2d 640 (1982)
James R. HUDSON, et ux., Plaintiffs-Appellees,
v.
Jackie THOMPSON, et al., Defendants-Appellants.
No. 82-270.
Court of Appeal of Louisiana, Third Circuit.
November 12, 1982.
Bodenheimer, Jones, Klotz & Simmons, J.W. Jones, Shreveport, for defendant-appellant-appellee.
Lunn, Irion, Switzer, Johnson & Salley, Jack E. Carlisle, and Ronald Raney, Shreveport, for defendant-appellee-appellant.
Don M. Burkett, Many, for defendant-appellee.
E.L. Edwards, Jr., Many, for plaintiff-appellee.
Before FORET, CUTRER, STOKER, JJ.
STOKER, Judge.
Plaintiffs in this case, James and Florence Hudson, brought suit against the minor driver of a vehicle which hit them from *641 the rear and his father, Marc and Jackie Thompson respectively. Also named as defendants were the Thompsons' liability insurer, Casualty Reciprocal Exchange (Casualty), and plaintiffs' own uninsured motorist insurer, Continental Insurance Company (Continental). Continental filed a third party action against the Thompsons and Casualty to exercise its subrogation rights for reimbursement of any amount paid by it to the Hudsons.
Judgment was granted in favor of the Hudsons and liability is not an issue in this appeal. The automobile insurers for plaintiffs and defendants raise questions of policy interpretation. Continental challenges an award of $15,000 in general damages and $6,344.26 in special damages granted to Florence Hudson (Florence). Continental also challenges the trial court's ruling permitting stacking of uninsured motorist coverages provided by Continental's policy in favor of the Hudsons. Casualty appeals the trial court's ruling which held ineffective a policy provision specifically excluding coverage if sixteen year old Marc Thompson was driver of the Thompson vehicle.
Judgment in the trial court was rendered as follows:
(1) In favor of Florence and against Casualty, Jackie and Marc Thompson, in solido, for $10,000, the limits under Casualty's liability policy.
(2) In favor of James and against Casualty, Jackie and Marc Thompson, in solido, for $700, to cover his $200 deductible on his property damage insurance and $500 general damages for him.
(3) In favor of Florence and against Continental for $11,344.84 under her uninsured motorist coverage to cover her general damages of $15,000 and lost wages.
(4) In favor of Continental and against Jackie and Marc Thompson in solido, for $10,000 to reimburse for uninsured motorist payments.
(5) In favor of Continental and against Casualty, Jackie and Marc Thompson, in solido, for $1,639.81 through subrogation of the Hudson's claim for property damage.
Only the insurers, Casualty and Continental, appeal. We reverse in part and recast the judgment for reasons set out below.
The matters considered on appeal are: (1) Casualty's claim that the trial court erred in finding an endorsement which specifically excluded Marc from liability coverage void as against public policy, (2) Continental's claim that the trial court erred in "stacking" its uninsured motorist coverage, and (3) Continental's claim that the damage award of $15,000 to Florence was excessive.

LIABILITY COVERAGE
Casualty denies that the liability policy issued by them to Jackie Thompson covers his minor son, Marc. The basis of this contention is an endorsement to the policy which reads:
"Subject to the agreements, conditions, exclusions and other terms of the above numbered policy, it is hereby understood and agreed by and between the Company and the Named Insured that as a part of the consideration for the issuance or continuance of this policy, in addition to the premium charged, that the policy does not cover, nor shall the Company be liable for any accident, claim or lawsuit while any car covered hereunder is being operated by Marc Thompson or Jackie Thompson."[1]
At a hearing on Casualty's motion for summary judgment before the Honorable W. Charles Brown, District Judge, the Hudsons and Continental successfully contended that the exclusion was against the public policy of the state of Louisiana and, as such, is unenforceable. We disagree.
Although there is a public policy in Louisiana requiring any registered car owner to have a motor vehicle liability policy or a motor vehicle liability bond, there is no legislative mandate requiring that an insurer issuing such a liability policy include any specific provisions. It is the statutory duty of the insured, not the insurer, to procure adequate liability coverage.
*642 Unlike uninsured motorist coverage which insurers are required to provide by clear legislative directive in LSA-R.S. 22:1406, specific or standard provisions for automobile liability policies have not been made the subject of any statute directed at insurers. The court in Johnson v. Universal Automobile Insurance Association, 124 So.2d 580 (La.App. 3rd Cir.1960), said, "In the absence of statutory regulations to the contrary, insurers, and their policy holders may contract for limitations of the insurer's liability as they wish." This is still the law today and we find no statutory regulation which would prohibit Casualty from contracting as it did with the Thompsons. The liability policy issued by Casualty did not provide coverage for Marc. Therefore, all judgments against Casualty in favor of the Hudsons or Continental are reversed and the actions against it are dismissed.

STACKING
In rendering judgment of $11,344.84 in favor of Florence against Continental, the trial judge apparently "stacked" the uninsured motorist coverage in the Continental policy which covered two cars owned by the Hudsons. The limits of that coverage for each car under the one policy are $10,000 for any one injury and $20,000 for multiple injuries in any one accident.
Continental correctly contends that the maximum amount of its liability for uninsured motorist coverage under this policy is $10,000. LSA-R.S. 22:1406(D)(1)(c) provides:
"If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(1), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant." (Emphasis added.)
There is only one policy covering the two automobiles owned by the Hudsons; therefore, under the general provisions of the statute just quoted Continental's uninsured motorist liability is limited to $10,000 for Florence. See Jones v. MFA Mutual Insurance Company, 410 So.2d 1190 (La.App. 3rd Cir.1982). In any event, Florence was occupying a car of which she is a co-owner and is not included in those specific exceptions to "anti-stacking" stated in the proviso portion of the statute quoted above. Courville v. State Farm Mutual Automobile Insurance Company, 393 So.2d 703 (La.1981).

AMOUNT OF DAMAGES
Continental also objects to the damage award to Florence, specifically, $6,344.26 for lost wages and $15,000 for general damages.
Although Florence did continue to be paid for the time she missed work, she lost accumulated sick leave in direct proportion to that time. The trial court was correct in holding that accumulated sick leave which is lost is a compensable item of damages. Teal v. Allstate Insurance Co., 348 So.2d 83 (La.App. 4th Cir.1977), writ denied, 351 So.2d 164 (La.1977); see also Kipp v. Hurdle, 307 So.2d 125 (La.App. 1st Cir. 1974), writ refused, 310 So.2d 643 (La.1975).
*643 As to the $15,000 general damage award, it appears that Florence's injury was something more than minor whiplash. The force of the crash tore loose Florence's seat belt and tore the bucket seat itself loose. She testified that she braced herself with her hands on the dashboard. Dr. Gunderson, an orthopedist, was the treating doctor in this case and found that Florence had a cervical and lumbar straining-type injury. He also found damage to bones in her wrist caused by arthritis which could have been aggravated by the accident.
Continental contends that plaintiff's failure to require other doctors who saw her to testify would create a presumption that they would testify against her. The only doctors to which such a rule could apply in this case were her family doctor who saw her once in the emergency room in relation to this accident and Dr. Buttress, a doctor of internal medicine, who saw her on referral from Dr. Gunderson because her blood pressure was unusually high. Even if we presume that these doctors would have testified against Florence, the statements given by Dr. Gunderson are sufficient to support the award. He was the treating physician in the case and a specialist in orthopedics, a field of medicine covering Florence's injuries.
We do not find that the $15,000 award was an abuse of discretion by the trial judge. Although we may not have awarded this amount, we do not find that it exceeds the highest amount reasonably within the discretion afforded the trier of fact. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).

JUDGMENT
For purposes of clarity, we note at the outset that the amount of medical payments for Florence proven at trial was $1,985.58, despite the fact that Continental had already made medical payments in excess of $2,000. Absent conventional subrogation, an insurer does not become legally subrogated to the rights of the insured by virtue of payments made under the policy's medical payment coverage. Courtney v. Harris, 355 So.2d 1039 (La.App. 4th Cir. 1978). Continental had no conventional subrogation for medical payments and cannot recover them from the Thompsons.
However, under the collateral source rule a tortfeasor may not benefit because of payments made through insurance benefits received by the victim from sources independent of the wrongdoer's procuration or contribution. Bennett v. United States Fidelity and Guaranty Company, 373 So.2d 1362 (La.App. 1st Cir.1979), writ denied, 376 So.2d 1269 (La.1979). Therefore, even though Continental has paid Florence for medical expenses, the Thompsons are nevertheless liable to her for them.
In further explanation, we recognize that although Continental as the uninsured motorist insurer has no contractual or legal right to subrogation regarding its uninsured motorist coverage, it is entitled to reimbursement from Florence's judgment against the Thompsons. Cf. Bond v. Commercial Union Assurance Company, 407 So.2d 401 (La.1981), on remand 415 So.2d 572 (La.App. 3rd Cir.1982).
For the foregoing reasons, we affirm the trial court judgment in part and reverse it in part and recast it as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, James R. Hudson, and against defendants, Jackie and Marc Thompson, in solido, in the full sum of $700, together with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Florence E. Hudson, and against defendants, Jackie and Marc Thompson and Continental Insurance Company, in solido, in the full sum of $23,329.84,[2] the judgment against Continental *644 Insurance Company to be limited to the amount of its coverage, the sum of $10,000, together with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment in favor of Continental Insurance Company on its third party demand and against Jackie and Marc Thompson, in solido, in the full sum of $11,639.81, together with legal interest from judicial demand until paid.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that an expert witness fee of $200, to be paid to Dr. Clark Alan Gunderson, is hereby fixed, same to be taxed as an item of costs.
IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the judgment of the trial court, insofar as it grants judgment in favor of the principal plaintiffs, James and Florence Hudson, and in favor of the third party plaintiff, Continental Insurance Company, and against defendant and third party defendant Casualty Reciprocal Exchange, be and it is hereby reversed, and the actions against it are dismissed, the costs to be assessed as provided below.
The costs of the proceedings in the trial court are reassessed, and Continental Insurance Company and Jackie and Marc Thompson are cast for these costs in solido, one-half to be paid by Continental Insurance Company and one-half by Jackie and Marc Thompson, the obligation as between Jackie and Marc Thompson for their one-half to be solidary. The costs of this appeal are assessed in solido, one-half to Continental Insurance Company and one-half to James and Florence Hudson, the obligation of James and Florence Hudson to be in solido as between them.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
NOTES
[1] Jackie Thompson is also a minor child of Jackie W. Thompson.
[2] The total sum of $23,329.84 consists of $15,000 in general damages, $6,344.26 in lost wages and $1,985.58 in medical expenses.