LABORDE, Judge.
This is an appeal by plaintiffs, John Ben-ham, Betty Benham, and Brenda Reed, of a summary judgment granted in favor of Louisiana Farm Bureau Casualty Company (Farm Bureau), defendant-appellee, and against John Benham and Betty Benham. For the reasons assigned below, we affirm.
On May 14, 1983, Brenda Reed was driving a Buick automobile in Lafayette, Louisiana. Brenda’s mother, Betty Benham, was riding in the Buick on the passenger side. While stopped at a traffic light, the Buick was struck from the rear by another car. Brenda, Betty, and John Benham (Betty’s husband and Brenda’s father) sued the driver of the other car, the driver’s father, and their liability insurer, Continental Insurance Company (Continental), to recover for personal injuries and property damage. The plaintiffs also alleged that the defendant driver and her father were underinsured. Continental, coincidentally, had issued UM coverage to plaintiffs on the Buick, and was therefore sued in its additional capacity as UM carrier.
Farm Bureau was also named as a defendant. Plaintiffs alleged that Farm Bureau was liable to them under a policy providing liability and uninsured motorist coverage on a Mercury owned by Brenda Reed and her husband. Farm Bureau moved for and obtained a summary judgment pursuant to the antistacking provision of the uninsured motorist statute. The statute provides, in pertinent part:
“If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subsection D(l), then such limits of liability shall not be increased because of multiple motor vehicles covered under said policy of insurance and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; provided, however, that with respect to other insurance available, the policy of insurance or endorsement shall provide the following:
With respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, the following priorities of recovery under uninsured motorist coverage shall apply:
(i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary;
(ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.”
LSA-R.S. 22:1406(D)(1)(c) (emphasis added). The relevant provisions of the statute are free from ambiguity and clearly bar the owner of the Buick from recovering UM compensation under the Farm Bureau policy covering the Mercury. The jurisprudence accords with our holding. We recently ruled that a person injured while occupying a car which she co-owns is not included in the specific exception to the antistacking provision quoted above. Hudson v. Thompson, 422 So.2d 640 (La. App.3rd Cir.1982).
Under the provision of La.Civ.Code art. 2340, the Buick belonging to John and Betty Benham is presumed to be community property. There is no evidence in the record to rebut the presumption. The Ben-ham’s are therefore both barred in this case, by the antistacking statute, from recovering under the Farm Bureau policy.
For the above and foregoing reasons, the judgment of the district court dismissing the suit of John Benham and Betty Ben- *797 ham against Louisiana Farm Bureau Casualty Insurance Company is hereby affirmed at appellants’ cost.
AFFIRMED.