594 So.2d 992 (1992)
Rhonda ARNAUD, Plaintiff-Appellee,
v.
COMMERCIAL UNION INSURANCE COMPANY, Defendant-Appellant.
No. 90-797.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
Curtis, Tilly & Robideaux, Lawrence N. Curtis, Lafayette, for plaintiff-appellee.
Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Jennifer McDaniel, Lafayette, for defendant-appellant.
Davidson, Meaux, Sonnier, McElligott & Swift, John G. Swift, Lafayette, Thomas W. Saners, Lake Charles, for defendant-appellee Diesi Leasing.
*993 Before GUIDRY, FORET and LABORDE, JJ.
FORET, Judge.
This is a suit in tort damages against Horace Manuel, an employee of Diesi Pontiac-Cadillac-Buick-GMC Truck, Inc. (Diesi Pontiac). Manuel was test driving Mel Mallory's vehicle after it had been repaired at Diesi Pontiac when he struck a vehicle driven by Rhonda Arnaud. Arnaud filed petitions for damages against Manuel; Commercial Union Insurance Company, the garage liability insurer of Diesi Pontiac; United Services Automobile Association (USAA), the insurer of Mallory's vehicle; and Diesi Pontiac.
USAA filed a motion for summary judgment alleging that its policy provision, generally referred to as the "auto business exclusion," excluded coverage for the accident in question. Commercial Union filed a memorandum in opposition to the motion for summary judgment and a supplemental memorandum in opposition to motion for summary judgment on the grounds that the auto business exclusion violates Louisiana Compulsory Motor Vehicle Liability Security Law, specifically, La.R.S. 32:861, which requires that every motor vehicle registered in Louisiana be covered by a liability policy and La.R.S. 32:900, which states that the liability policy shall insure the person named in the policy and any other person using the motor vehicle with the permission of the named insured.
The trial judge denied USAA's motion for summary judgment for the following reasons:
"There are three things apparent in the clear language of the law:
First
Every liability policy shall insure all persons driving the motor vehicle, with the consent, knowledge and permission of the owner. If the policy does not do this, the law does.
Second
The amount of insurance is as defined by B(2)(a), (b), and (c).
Third
B(2)(d) provides for the exclusion of a named person, but requires purchase of an additional policy for such person.
General
The Court, at first, thought Section E covered the situation in question, as it reads:
E. Such motor vehicle liability policy need not insure any liability under any worker's compensation law nor any liability on account of bodily injury to or death of an employee of the insured while engaged in the employment, other than domestic, of the insured or while engaged in the operation, maintenance or repair of any such motor vehicle nor any liability for damage to property owned by, rented to, in charge of or transported by the insured.
However, on closer reading, it is apparent it is not applicable herein.
The Court, therefore, denies the Motion for Summary Judgment as being an exclusion not permitted under the above law; but, however, subject to the limitations of B(2)(a), (b), and (c)."
Due to the uncertainty as to the exact meaning of the reasons for judgment, a status hearing was held to confect the judgment. The court held that there was no genuine issue of material fact insofar as the motion for summary judgment was concerned but that, as a matter of law, mover was not entitled to summary judgment excluding coverage because the exclusion was held to be against public policy. However, the court found that the mover was entitled to partial summary judgment reforming the policy only up to the minimal limits established by the Compulsory Motor Vehicle Liability Security Law of $10,000 per person and $20,000 per accident for bodily injury. (Mallory's insurance policy provided $100,000/$200,000 liability coverage limits.)
A judgment was prepared and signed, which denied USAA's motion for summary *994 judgment but granted USAA's motion for partial summary judgment reforming USAA's policy to bodily injury liability limits in the amount of $10,000 per person and $20,000 per accident.
Manuel, Diesi Pontiac, and Commercial Union appeal the court's granting of the partial summary judgment reforming the policy up to the minimum limits established by the Compulsory Motor Vehicle Liability Security Law. Appellants contend that the insurance policy contains an absolutely null exclusion which cannot be reformed. Therefore, appellants contend, the policy remains intact, minus the exclusion, and provides the full $100,000 coverage limits purchased by Mallory.
USAA answered the appeal, requesting that the judgment reforming the USAA insurance policy to the $10,000/$20,000 liability limits be affirmed and the portion of the judgment ruling the USAA exclusion for drivers while repairing, servicing, or road testing as not being permitted under law, be reversed.

DISCUSSION
The exclusionary provision of the USAA policy provides:
"a. We do not provide liability coverage for any person:
6. While employed or otherwise engaged in the business or occupation of:
a. Selling;
b. Repairing;
c. Servicing;
d. Storing; or
e. Parking
vehicles designed for use mainly on public highways. This includes road testing and delivery."
This Court has never before been called upon to interpret an "Auto Business Exclusion" under the Louisiana Compulsory Motor Vehicle Liability Security Law.[1] However, our brethren in both the First and Fourth Circuits have held that an automobile policy which attempted to exclude coverage for persons engaged in repair shop business who operated insured's vehicle with insured's permission violated statutorily mandated compulsory insurance for any driver who uses the insured's vehicle with his permission. See Louisiana Farm Bureau Cas. Ins. Co. v. Darjean, 554 So.2d 1376 (La.App. 1 Cir.1989), writ denied, 558 So.2d 571 (La.1990); Rudison v. Richard, 526 So.2d 369 (La.App. 4 Cir. 1988).
Both cases based their decisions on Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2 Cir.1983), writs *995 denied, 440 So.2d 528, 754 (La.1983). In Fields, the policy provision in question contained the exclusion of only one particular named operator, an employee with a bad driving record. The employer elected to exclude that employee from coverage to avoid an excess premium. The named employee was driving a company vehicle in the course and scope of his employment when he was involved in an accident. The court found that Louisiana had enacted its Compulsory Motor Vehicle Liability Security Law, La.R.S. 32:861, et seq., to negate or override the effect of the endorsement. Also, the court determined that the purpose of the compulsory law is not to protect the owner or the operator against liability, but to provide compensation for persons injured by the operation of insured vehicles.
In accord with the above, a more recent case, Stanfel v. Shelton, 563 So.2d 410 (La.App. 1 Cir.1990), held that an automobile business exclusion conflicts with the compulsory law in that it attempts to exclude coverage for vehicles used in the course of their employment, even though at the time of the accident the vehicle was driven with permission of its owner. The court stated: "The statutory provision mandating compulsory insurance for all drivers who used the insured's vehicle with her permission must prevail over policy exclusions which conflict with the statute." Id., at 413.
This Court held, in Hudson v. Thompson, 422 So.2d 640 (La.App. 3 Cir.1982), an endorsement to an automobile policy excluding coverage for the insureds' minor son was not against public policy. In Hudson, we found the statutory duty to be on the insured, not the insurer, to procure adequate liability coverage. However, Hudson involved the exclusion of a specific driver and we did not consider the effect of the Compulsory Motor Vehicle Liability Security Law on the named driver exclusion. Therefore, we do not find this case applicable to the matter at hand.
After reviewing the compulsory law and the relevant jurisprudence, we conclude that the USAA policy exclusion conflicts with the compulsory law in that it attempts to exclude coverage for persons engaged in the auto repair business who operate the insured's vehicle with his permission.
Appellants assert that the trial court erred in finding that USAA was entitled to partial summary judgment reforming the policy up to the minimum limits established by the Compulsory Motor Vehicle Liability Security Law of $10,000 per person and $20,000 per accident for bodily injury. We find no error. If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage provision will override or supercede a policy provision or endorsement excluding a named driver. Fields, supra, at page 346. Accordingly, the policy should be reformed only up to the amount required by the Compulsory Motor Vehicle Liability Security Law, La. R.S. 32:861, 900.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] La.R.S. 32:900 provides, in pertinent part:

"§ 900. `Motor Vehicle Liability Policy' defined
A. A `Motor Vehicle Liability Policy' as said term is used in this Chapter, shall mean an owner's or an operator's policy of liability insurance, certified as provided in R.S. 32:898 or 32:899 as proof of financial responsibility, and issued except as otherwise provided in R.S. 32:899, by an insurance carrier duly authorized to transact business in this state, to or for the benefit of the person named therein as insured.
B. Such owner's policy of liability insurance:
(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle as follows:
(a) Ten thousand dollars because of bodily injury to or death of one person in any one accident, and,
(b) Subject to said limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and
(c) Ten thousand dollars because of bodily injury to or destruction of property of others in any one accident.
(d) An owner may exclude a named person as an insured under a commercial policy if the owner obtains and maintains in force another policy of motor vehicle insurance which provides coverage for the person so excluded which is equal to that coverage provided in the policy for which the person was excluded. The alternative coverage is required for both primary and excess insurance."