600 So.2d 106 (1992)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Plaintiffs-Appellees,
v.
CASUALTY RECIPROCAL EXCHANGE, et al., Defendants-Appellants.
No. 23727-CW.
Court of Appeal of Louisiana, Second Circuit.
May 13, 1992.
*107 J. Bachman Lee, Monroe, for plaintiffs-appellees.
Hudson, Potts & Bernstein by Jan P. Christiansen, Monroe, for defendants-appellants.
Before MARVIN, C.J., and SEXTON, NORRIS, LINDSAY and HIGHTOWER, JJ.
NORRIS, Judge.
In this property damage case, defendant Casualty Reciprocal Exchange ("CRE") moved for summary judgment, which the trial court denied. We granted CRE's writ to review the ruling. We now make the writ peremptory, reverse denial of summary judgment and remand the case for further proceedings.
The plaintiff's Datsun was damaged when it was struck in an intersection by a Chevrolet driven by an unlicensed 14-year old, Prent Lee. The Chevrolet belonged to Prent Lee's grandmother, Mrs. Young, with whom Prent Lee resided. The plaintiff's insurer, State Farm, sued Mrs. Young's insurer, CRE, on the policy's "omnibus clause," together with other defendants. CRE moved for summary judgment, urging a policy exclusion.
From the depositions introduced, the parties agreed that Prent Lee was driving the Chevrolet at the time of the accident, that he was a family member living with Mrs. Young, and that he had never been given permission, express or implied, to use the Chevrolet.
The Personal Auto Policy that CRE issued to Mrs. Young provided as follows:
Definitions
* * * * * *
"Family member" means a person related to you by blood, marriage or adoption who is a resident of your household.
* * * * * *
Part ALiability coverage
Insuring agreement
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.
* * * * * *
"Covered person" as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
* * * * * *
Exclusions
A. We do not provide Liability Coverage for any person: * * *
8. Using a vehicle without a reasonable belief that that person is entitled to do so.
CRE urged that the "reasonable belief" exclusion applied to anyone, be it a family member or a mere user of the covered auto. State Farm argued that the exclusion applied only to "any person using your covered auto," and did not defeat coverage for a family member using the covered auto. The trial court agreed with State Farm. We are constrained to find that this analysis is wrong.
*108 The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Ouachita Nat'l Bank in Monroe v. Gulf States Land & Dev. Inc., 579 So.2d 1115 (La.App.2d Cir.), writ denied 587 So.2d 695 (La.1991). The motion should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La. 1981); Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir.1983). The interpretation of an insurance contract is usually a legal question which can be properly resolved by means of motion for summary judgment. Saffel v. Bamburg, 478 So.2d 663 (La. App.2d Cir.1985), writ denied 481 So.2d 1335 (La.1986); Bergquist v. Fernandez, 535 So.2d 827 (La.App.2d Cir.1988). The clear and unambiguous provisions of an insurance policy are entitled to enforcement. Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App.2d Cir.1982), writ denied 427 So.2d 1212 (La.1983).
In the instant case there are no disputed facts; the only issue is how to construe the insurance policy. When we read the "insuring agreement" together with the definitions, the insurer agrees:
We will pay damages for bodily injury or property damage for which you, or any person related to you who is a resident of your household, or any person using your covered auto, becomes legally responsible because of an auto accident.
The exclusion then denies liability coverage for any person using a vehicle without a reasonable belief that that person is entitled to do so. There is no indication that this exclusion applies only to "2. Any person using your covered auto" and not to "1. You or any family member," as the trial court held. Such an analysis would indeed make a family member's use of a vehicle conditional on permission only if that vehicle is not the "covered auto," but it would also exempt from the exclusion a stranger using the covered auto.
A plain reading of the policy shows that the exclusion is general, affecting "any person." The policy does not define "any person" restrictively and these words have a generally prevailing meaning. La.C.C. art. 2047. It defies common meaning to hold with the trial court that "any person" does not include a "family member." The contract actually defines a "family member" as a person. The trial court's construction of the policy as meaning something else is plainly wrong.
It is significant to note that another of CRE's exclusions from Liability Coverage specifically omits family members from its sweep.[1] If CRE had intended to omit family members from the "reasonable belief" exclusion, a similar restriction would have been attached. It was not.
The parties conceded that Prent Lee, though a family member of Mrs. Young's, did not have a reasonable belief that he was entitled to use the Chevrolet. As a matter of law, CRE was entitled to summary judgment.
State Farm argued to the trial court and to this court that the law is "well settled that a resident of the same household is always insured with respect to the covered auto, but a third party only becomes insured if driving the insured auto with the permission of the named insured." In support State Farm cites Touchet v. Fireman's Ins. Co. of Newark, N.J., 159 So.2d 753 (La.App. 3d Cir.), writ ref. 245 La. 963, 162 So.2d 13 (1964). We completely agree *109 with this statement of law as it applied to the policy at issue in Touchet. However, that policy is significantly different from CRE's policy. The policy in Touchet provided:
Persons insured
The following are insureds under Part I:
(a) with respect to the owned automobile,
(1) the Named Insured and any resident of the same household,
(2) any other person using such automobile, provided the actual use thereof is with the permission of the Named Insured.
The Touchet policy is explicitly clear that permission is a condition of coverage for anyone other than a resident of the Named Insured's household using the owned automobile. The court even referred to the policy by its name, the "standard Family Automobile Policy." CRE's policy in the instant case is the newer "Personal Automobile Policy." In discussing the changes in the new policy, Professors McKenzie and Johnson stated:
On the other hand, while the Family Automobile Policy did not require that a "relative" have permission to operate the owned automobile, apparently the Personal Auto Policy requires at least a reasonable belief on the part of all operators. (emphasis added)
McKenzie & Johnson, 15 La. Civil Law Treatise (Insurance Law and Practice), § 52 (1991 p.p.).
All this is to say that the Third Circuit's broad statement in Touchet that the "meaning of the omnibus clause has been settled by our jurisprudence" cannot continue to govern a different omnibus clause with different provisions.
We are cognizant that liability insurance must comply with statutory requirements. La.R.S. 32:900 F; Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App.2d Cir.), writ denied 440 So.2d 528, 754 (La.1983), and citations therein. The statutory requirement for the "omnibus clause" is R.S. 32:900 B(2), which provides:
B. Such owner's policy of liability insurance * * * (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle [the minimum financial limits of coverage]. (emphasis added)
In other words, every motor vehicle liability policy must provide coverage for the permissive use of the covered vehicle. Contractual provisions or riders[2] that deviate from the permissive use requirement are not enforced. See, e.g., Fields, supra; Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990); Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3d Cir.1992); but see Raimer v. New England Ins. Co., 595 So.2d 1218 (La.App. 3d Cir. 1992). However, there is no requirement that the motor vehicle liability policy cover family members regardless of permission. This is precisely what the instant policy has provided. It does not violate R.S. 32:900 and it constitutes the law between the parties.
For these reasons, the trial court was wrong not to grant CRE's motion for summary judgment. There are no genuine issues of material fact and the mover is entitled to summary judgment as a matter of law. The writ we granted previously is made peremptory, the trial court's judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are assessed to respondent, *110 State Farm Mutual Automobile Insurance Company.
WRIT MADE PEREMPTORY; JUDGMENT REVERSED; CASE REMANDED.
MARVIN, C.J., dissents and assigns written reasons.
MARVIN, Chief Judge, dissenting.
I agree that the material facts are not disputed, but nonetheless dissent from the majority's interpretation of the policy which isolates exclusion 8 A from the other policy provisions. Exclusion 8 A reads:
Liability coverage [is not provided] for any person
. . . . .
[u]sing a vehicle without a reasonable belief that that person is entitled to do so.
The trial court effectively held that the exclusion language, "any person using a vehicle" [without express or implied permission of the owner], means any person other than the persons in the category one insureds (being the named insured and his spouse or family members who reside with him and who) may sometimes "use or maintain" the insured automobile with or without the permission of the named insured.
I agree with the trial court's reasoning. Exclusion A 8 must be read in conjunction with the policy provisions that provide who is insured under what circumstances in a particular vehicle.
The meaning of a word, term or phrase [nor otherwise specifically defined] in an insurance policy is governed by the connection in which it is used, and depends on the context, the subject matter, the object, purpose or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular case. Bearden v. Rucker, 437 So.2d 1116, 1120 (La.1983).

LIABILITY COVERAGE UNDER THE CRE POLICY
In the CRE policy, liability coverage extends to "any insured" (policy endorsement at R-57), with two broad categories of "insured" being defined on p. 2 (R-45) of the policy as:
1. You (the named insured) and your spouse (if residing with you) or any family member (defined as a person related to you ... who is a resident of your household) for the ownership, maintenance or use of any auto ...
2. Any person using your covered auto (defined on p. 3 of endorsement at R-54) as "any vehicle shown in the Declarations."...
Liability coverage is thus provided on the one hand in the CRE Personal Auto Policy in Louisiana to "any insured" in the first category, being the named insured and spouse or any family member residing in his or her household, for the "ownership, maintenance or use of any auto." On the other hand, only "use" liability coverage is provided to a category 2 insured, who is "any person using [the] covered auto" with express or implied permission of the named insured.
"Covered auto" is a technical term defined in the policy and is to be distinguished from the terms "any auto," and "any vehicle," which are not defined. Covered auto is defined in the policy as "[a]ny vehicle shown in the Declarations."
"Any vehicle" or "a vehicle" is used in three places in the liability provisions of the policy: In exclusion A 8 [no coverage is provided for any person using "a vehicle" without a reasonable belief], in the definition of covered auto ["any vehicle shown in the Declarations" ], and in category 2 of "insureds" (p. 2, R-45) ["any person using... `any vehicle shown in the declarations' " ]
Similarly, the phrase "any person using a [any] vehicle" is used in only two places in the liability provisions of the policy: "Any person using ... any vehicle shown in the declarations of the policy" [definition of covered auto in the category 2 insureds, and "Any person ... using a vehicle without a reasonable belief ...," [the exclusion A 8].
Placing the named insured and his spouse or family members residing with *111 him in category one of persons insured is simply the insurer's recognition that the spouse and adult family members who reside with the named insured may "use" the insured vehicle on occasions sometimes without express or implied permission of the named insured.
Placing persons other than category one insureds in a second category of insureds [only when that person has express or implied permission to use the insured vehicle] is simply the insurer's recognition that the Louisiana law requires that a category two insured who uses the insured vehicle with the permission of the named insured be covered by the named insured-owner's liability policy (LRS 32:900 B.). It is perhaps superfluous to say that neighbors and non-resident family members of a named insured-owner [the category two insureds] do sometimes "use" the insured vehicle with the owner's permission.
The distinction made in the above paragraphs tracks the requirements of LRS 32:900 for an owner's policy of liability insurance written in this state. An owner's policy shall insure the named insured and any other person using the "explicit" or insured motor vehicle with the express or implied permission of such named insured, against loss arising out of the ownership, maintenance, or use of such insured vehicle. § 900 B. Distinguish the "operator's policy" in § 900 C. The owner's policy "covers" a vehicle while an operator's policy "covers" an operator.
The statute recognizes that an "owner" may exclude from the liability coverage of his policy a named person [such as the resident relative or employee of the owner] only if the owner maintains coverage for that person under another policy. § 900 B(2)(d). Such an exclusion was apparently contemplated under the CRE policy because an endorsement to that effect is attached to the CRE policy. This endorsement was not effective, however, because it was not signed either by the named insured grandmother or by CRE. The ineffective endorsement purported to exclude, by name, the 14-year-old grandson of the owner from liability coverage.
Under CRE's interpretation of exclusion A 8, the insurer would be in a position to deny coverage to any related resident of the named insured's household simply by soliciting an affirmative answer to the question: "Did you believe you were entitled to drive the auto on the day that the accident occurred?" This result would also follow if the named insured answered affirmatively the question, "Did your six-year-old daughter who lives with you have your permission to use the insured auto when she "drove," or allowed the car to roll, out of your driveway and hit the other person's car?"
Literally applied without regard to the other provisions of the policy, exclusion 8 A would negate liability coverage even for the named insured if his six year old daughter "drove" the insured vehicle out of his driveway and injured another person. See Turner v. Bucher, 308 So.2d 270 (La. 1975), imposing liability on the parent of a six-year-old child. I would not pronounce such a result under the CRE policy.
Because CRE's Personal auto policy does not define some of its terms while placing the relatives residing with the named insured and the named insured in the same insured category, and because LRS 32:900 B(2) requires that the owner's liability policy cover any other person driving the insured vehicle with the permission of the named insured, I would construe the term "Any person using a vehicle ..." in exclusion A 8 to apply only to the category two insureds [any person using any covered or insured vehicle shown in the declarations] in the insuring clause.
The insuring or coverage clause, if free from ambiguity, must be enforced as written. Exclusions are more strictly construed. See Touchet, cited by the majority, and Indiana Lumbermens Mutual Insurance Co. v. Russell, 243 La. 189, 142 So.2d 391 (1962). These cases concerned the older "Family" automobile policies which provided liability coverage to two categories of insureds:
1. the Named Insured and any resident of the same household,

*112 2. any other person using the owned automobile, provided the actual use thereof is with the permission of the named insured.
I see only a semantical distinction in the overall coverage of the older family policy and the newer CRE Personal Auto policy. Both policies place the named insured and related residents of his household in one category of coverage and place [other] persons using the covered automobile in a second category of coverage which is, and should be, under the old or new policies and under LRS 32:900, dependent upon "permission." A grandson of whatever age residing with his grandmother is in the first category of coverage with the named insured grandmother in the old and the new policies.
Professors McKenzie and Johnson agree that under the older Family Policy, the "relative" did not have to have permission to drive the covered auto, but suggest that "apparently the Personal Auto Policy requires at least a reasonable belief [of permission] on the part of all operators." McKenzie & Johnson, 15 La. Civil Law Treatise (Insurance Law and Practice), § 52 (1991 p.p.).
The majority opinion now elevates the "apparent" conclusion to a legal mandate that the trial courts, at least in this circuit, should literally interpret exclusion A 8 of the personal auto policy as unambiguous and applicable to category one insureds. I must respectfully disagree with my scholarly friends.
I would conclude that the Personal Auto Policy requires only the category two insureds to have a reasonable belief of permission to use the covered automobile, just as LRS 32:900 B(2) requires. I would have mentioned that if the Personal Auto Policy is interpreted to require one of the category one insureds to have a reasonable belief of permission of another category one insured when using, but perhaps not maintaining, the insured vehicle, strange and absurd results might follow in several respects.
With respect to exclusion 8 A, I would agree that a person in category one insureds ("named insured" and his spouse or any family member residing with him [who are insured against liability for the ownership, maintenance or use of any auto or trailer], should be required to have express or implied permission from a neighbor when occasionally using that neighbor's auto, but should not be required to have express or implied permission of the named insured to use or maintain any vehicle shown in the declarations. "Covered auto," in category two insureds, is specifically defined and is used in a different context than is "any auto" in category one insureds and is not defined. An undefined term which is used in an insurance policy may have different meanings depending on the context, the subject matter, and the object, purpose or result designed to be accomplished by the use of the term. See Bearden, cited supra.
When the insuring clause, persons insured, and the exclusion are read together, the second category of insureds, Exclusion A 8 of the CRE policy simply means "Any person (other than a category one insured) using the covered auto with the express or implied consent of the named insured" is insured against liability, as LRS 32:900 B(2) requires.
Exclusion A 8 in the CRE policy, in my opinion, merely aids in the definition of the coverage afforded to each category of insureds and should not be used to limit the coverage afforded to a category one insured in the covered auto. For example, the CRE policy does not define or expressly provide coverage for an insured driving a "non-owned automobile" as earlier policies did. Instead, the CRE policy reaches the same effect by using exclusion B 3 of the policy which excludes liability coverage for any vehicle, other than the insured auto, which is owned by or furnished or available for the regular use of any category one insured. The B 3 exclusion, however, "does not apply to the use or maintenance" of such an automobile by the named insured and his spouse residing with him. Otherwise and notwithstanding the B 3 exclusion, the CRE policy states that the named insured or a family member of his *113 household is covered when he or she drives (or maintains) a [neighbor's] auto [insuring clause] with the express or implied permission of the neighbor [exclusion A 8].
CRE has apparently attempted to conform its recently approved "Personal Auto Policy" to the requirements of the Louisiana law (UM coverage, Compulsory Liability Insurance Law, etc.). See e.g., LRS 32:900 B(2). A "Louisiana" endorsement attached to the CRE policy re-defines some of the policy language to accomplish this and to correspond its language to Louisiana terminology.
Under the isolated interpretation of exclusion A 8 adopted by CRE and the majority, the CRE policy apparently would not cover these persons in these described circumstances:
A. An adult son returns to live in the family home. While all other "insureds" are away on vacation, another person is injured by the covered auto when the adult son negligently "uses" or drives it without express or implied permission of any insured.
B. A minor child of the named insured, without express or implied permission of the named insured, either drives the insured auto, or inadvertently disengages the "park" gear while washing the auto in the driveway, and thereby causes damage to another person.
C. Without permission from any adult or parent, a six-year-old daughter intentionally turns the ignition key or disengages the park gear of her father's insured auto, causing it to roll into the street and injure a pedestrian.
D. A neighbor causes injury to another while negligently driving the insured auto, not with the permission of the named insured, but with the permission of another adult insured in category one with the named insured.
The Compulsory Liability Insurance Law, LRS 32:861, 900, requires omnibus liability insurance coverage for others using the insured vehicle with express or implied permission of the named insured. The CRE policy is silent as to who must impliedly or expressly permit another to use the insured vehicle so as to afford the permittee "reasonable belief" of entitlement to "use" the covered auto that is mentioned in exclusion A 8.
The CRE policy distinguishes the covered or insured auto from any [other] auto and distinguishes a category one insured from a category two insured who "uses" the covered auto.
Respectfully dissenting, I would affirm the trial court's denial of CRE's motion for summary judgment.
NOTES
[1] The "business or occupation" exclusion provides as follows:

Exclusions
A. We do not provide Liability Coverage for any person:
* * * * * *
6. While employed or otherwise engaged in the business or occupation of: a. selling; b. repairing; c. servicing; d. storing; or e. parking; vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of your covered auto by: a. you; b. any family member; or c. any partner, agent or employee of you or any family member.
[2] Nine days after the accident, CRE attached a rider to Mrs. Young's policy, purporting to exclude Prent Lee as an insured. This rider was invalid because it was added after the damage was incurred. La. R.S. 32:900 F(1). It was also invalid unless Mrs. Young maintained a separate policy for Prent Lee. La.R.S. 32:900 B(2)(d); Fields v. Western Preferred Cas. Co., supra.