NORRIS, Judge.
In this property damage case, defendant Casualty Reciprocal Exchange (“CRE”) moved for summary judgment, which the trial court denied. We granted CRE’s writ to review the ruling. We now make the writ peremptory, reverse denial of summary judgment and remand the case for further proceedings.
The plaintiff’s Datsun was damaged when it was struck in an intersection by a Chevrolet driven by an unlicensed 14-year old, Prent Lee. The Chevrolet belonged to Prent Lee’s grandmother, Mrs. Young, with whom Prent Lee resided. The plaintiff’s insurer, State Farm, sued Mrs. Young’s insurer, CRE, on the policy’s “omnibus clause,” together with other defendants. CRE moved for summary judgment, urging a policy exclusion.
From the depositions introduced, the parties agreed that Prent Lee was driving the Chevrolet at the time of the accident, that he was a family member living with Mrs. Young, and that he had never been given permission, express or implied, to use the Chevrolet.
The Personal Auto Policy that CRE issued to Mrs. Young provided as follows:

Definitions

******
“Family member” means a person related to you by blood, marriage or adoption who is a resident of your household.
[[Image here]]
Part A — Liability coverage Insuring agreement
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident.
[[Image here]]
“Covered person” as used in this Part means:
1. You or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
******
Exclusions
A. We do not provide Liability Coverage for any person: * * *
8. Using a vehicle without a reasonable belief that that person is entitled to do so.
CRE urged that the “reasonable belief” exclusion applied to anyone, be it a family member or a mere user of the covered auto. State Farm argued that the exclusion applied only to “any person using your covered auto,” and did not defeat coverage for a family member using the covered auto. The trial court agreed with State Farm. We are constrained to find that this analysis is wrong.
*108 The motion for summary judgment is a procedural device to avoid a full-scale trial when there is no genuine factual dispute. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Ouachita Nat'l Bank in Monroe v. Gulf States Land & Dev. Inc., 579 So.2d 1115 (La.App.2d Cir.), writ denied 587 So.2d 695 (La.1991). The motion should be granted if, and only if, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson Inc., 394 So.2d 1189 (La.1981); Watson v. Cook, 427 So.2d 1312 (La.App.2d Cir.1983). The interpretation of an insurance contract is usually a legal question which can be properly resolved by means of motion for summary judgment. Saffel v. Bamburg, 478 So.2d 663 (La.App.2d Cir.1985), writ denied 481 So.2d 1335 (La.1986); Bergquist v. Fernandez, 535 So.2d 827 (La.App.2d Cir.1988). The clear and unambiguous provisions of an insurance policy are entitled to enforcement. Smith v. Western Preferred Cas. Co., 424 So.2d 375 (La.App.2d Cir.1982), writ denied 427 So.2d 1212 (La.1983).
In the instant case there are no disputed facts; the only issue is how to construe the insurance policy. When we read the “insuring agreement” together with the definitions, the insurer agrees:
We will pay damages for bodily injury or property damage for which you, or any person related to you who is a resident of your household, or any person using your covered auto, becomes legally responsible because of an auto accident.
The exclusion then denies liability coverage for any •person using a vehicle without a reasonable belief that that person is entitled to do so. There is no indication that this exclusion applies only to “2. Any person using your covered auto” and not to “1. You or any family member,” as the trial court held. Such an analysis would indeed make a family member’s use of a vehicle conditional on permission only if that vehicle is not the “covered auto,” but it would also exempt from the exclusion a stranger using the covered auto.
A plain reading of the policy shows that the exclusion is general, affecting “any person.” The policy does not define “any person” restrictively and these words have a generally prevailing meaning. La.C.C. art. 2047. It defies common meaning to hold with the trial court that “any person” does not include a “family member.” The contract actually defines a “family member” as a person. The trial court’s construction of the policy as meaning something else is plainly wrong.
It is significant to note that another of CRE’s exclusions from Liability Coverage specifically omits family members from its sweep.[1] If CRE had intended to omit family members from the “reasonable belief” exclusion, a similar restriction would have been attached. It was not.
The parties conceded that Prent Lee, though a family member of Mrs. Young’s, did not have a reasonable belief that he was entitled to use the Chevrolet. As a matter of law, CRE was entitled to summary judgment.
State Farm argued to the trial court and to this court that the law is “well settled that a resident of the same household is always insured with respect to the covered auto, but a third party only becomes insured if driving the insured auto with the permission of the named insured.” In support State Farm cites Touchet v. Fireman’s Ins. Co. of Newark, N.J., 159 So.2d 753 (La.App. 3d Cir.), writ ref. 245 La. 963, 162 So.2d 13 (1964). We completely agree *109 with this statement of law as it applied to the policy at issue in Touchet. However, that policy is significantly different from CRE’s policy. The policy in Touchet provided:
Persons insured
The following are insureds under Part I:
(a) with respect to the owned automobile,
(1) the Named Insured and any resident of the same household,
(2) any other person using such automobile, provided the actual use thereof is with the permission of the Named Insured.
The Touchet policy is explicitly clear that permission is a condition of coverage for anyone other than a resident of the Named Insured’s household using the owned automobile. The court even referred to the policy by its name, the “standard Family Automobile Policy.” CRE’s policy in the instant case is the newer “Personal Automobile Policy.” In discussing the changes in the new policy, Professors McKenzie and Johnson stated:
On the other hand, while the Family Automobile Policy did not require that a “relative” have permission to operate the owned automobile, apparently the Personal Auto Policy requires at least a reasonable belief on the part of all operators. (emphasis added)
McKenzie & Johnson, 15 La. Civil Law Treatise (Insurance Law and Practice), § 52 (1991 p.p.).
All this is to say that the Third Circuit’s broad statement in Touchet that the “meaning of the omnibus clause has been settled by our jurisprudence” cannot continue to govern a different omnibus clause with different provisions.
We are cognizant that liability insurance must comply with statutory requirements. La.R.S. 32:900 F; Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App.2d Cir.), writ denied 440 So.2d 528, 754 (La.1983), and citations therein. The statutory requirement for the “omnibus clause” is R.S. 32:900 B(2), which provides:
B. Such owner’s policy of liability insurance * * * (2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs with respect to each such motor vehicle [the minimum financial limits of coverage], (emphasis added)
In other words, every motor vehicle liability policy must provide coverage for the permissive use of the covered vehicle. Contractual provisions or riders[2] that deviate from the permissive use requirement are not enforced. See, e.g., Fields, supra; Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990); Arnaud v. Commercial Union Ins. Co., 594 So.2d 992 (La.App. 3d Cir.1992); but see Raimer v. New England Ins. Co., 595 So.2d 1218 (La.App. 3d Cir.1992). However, there is no requirement that the motor vehicle liability policy cover family members regardless of permission. This is precisely what the instant policy has provided. It does not violate R.S. 32:900 and it constitutes the law between the parties.
For these reasons, the trial court was wrong not to grant CRE’s motion for summary judgment. There are no genuine issues of material fact and the mover is entitled to summary judgment as a matter of law. The writ we granted previously is made peremptory, the trial court’s judgment is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs are assessed to respondent, *110 State Farm Mutual Automobile Insurance Company.
WRIT MADE PEREMPTORY; JUDGMENT REVERSED; CASE REMANDED.
MARVIN, C.J., dissents and assigns written reasons.

. The ‘business or occupation” exclusion provides as follows:
Exclusions
A. We do not provide Liability Coverage for any person:
* -k ⅛ * * *
6. While employed or otherwise engaged in the business or occupation of: a. selling; b. repairing; c. servicing; d. storing; or e. parking; vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion does not apply to the ownership, maintenance or use of your covered auto by: a. you; b. any family member; or c. any partner, agent or employee of you or any family member.

. Nine days after the accident, CRE attached a rider to Mrs. Young’s policy, purporting to exclude Prent Lee as an insured. This rider was invalid because it was added after the damage was incurred. La. R.S. 32:900 F(l). It was also invalid unless Mrs. Young maintained a separate policy for Prent Lee. La.R.S. 32:900 B(2)(d); Fields v. Western Preferred Cas. Co., supra.