128 N.J. Super. 217 (1974)
319 A.2d 743
VINCENT TOOKER, JR., AND ALLSTATE INSURANCE COMPANY, PLAINTIFFS-APPELLANTS,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, DEFENDANT-RESPONDENT, AND JOSEPH PIORKOWSKI AND ELIZABETH ORLANDO, AN INFANT BY HER GUARDIAN AD LITEM, ALEX ORLANDO, AND ALEX ORLANDO, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 26, 1973.
Reargued April 22, 1974.
Decided May 7, 1974.
*219 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. William P. Gilroy, argued the cause for appellants (Messrs. Campbell, Mangini, Foley, Lee and Murphy, attorneys; Mr. Gilroy on the brief).
Mr. William G. Marriott, argued the cause for respondent (Messrs. Lane and Evans, attorneys; Mr. Marriott on the brief).
The opinion of the court was delivered by MICHELS, J.A.D.
Plaintiffs Vincent Tooker, Jr. and Allstate Insurance Company (Allstate) instituted this action to have Tooker declared an additional insured under a family automobile liability policy issued by defendant Hartford Accident and Indemnity Company (Hartford) to defendant Joseph Piorkowski.
The suit arises as a result of Hartford's refusal to defend or indemnify Tooker, who was involved in an automobile accident while driving an automobile owned by Piorkowski with the permission of Piorkowski's son Albert. Tooker was insured under a policy issued by Allstate which paid the judgment recovered against him by the passenger in the vehicle. The trial court held, without making any specific *220 findings of fact, that there was no coverage under the Hartford policy, and, in effect, that Tooker was not an additional insured thereunder, and entered judgment against Allstate and Tooker. They appealed, contending that Tooker was an additional assured under the terms of the Hartford policy because: (1) Albert had implied permission from his father to use the car, and therefore Albert could give permission to Tooker, a second permittee, and alternatively, (2) that since Albert was a resident of the household, and therefore an insured under the Hartford policy, he had the right to give initial permission to Tooker.
Albert, who was 18, resided with his father even though he was in military service stationed at Fort Dix, New Jersey. He frequently came home on leave on weekends and used his father's car. Whenever he asked his father for permission to use the car, permission had always been granted. On the night of the accident, however, Albert took the car without asking permission because at the time his father was asleep, and he apparently did not wish to disturb him. The keys for the car were kept on the refrigerator at all times, and consequently Albert did not have to awaken his father to get the keys. Albert apparently had been told by his father on previous occasions that he should not take the car unless he had permission. His father did not know that Albert took the car and testified that he had not given Albert permission to take the car on the day of the accident.
Albert took the car, picked up his friend Tooker and went to a party. While at the party Tooker asked Albert for the keys to the car in order to take home a girl whom he had met at the party. Albert gave Tooker the keys, and while Tooker was driving the girl home, the accident occurred, resulting in injury to her and subsequently this suit.
The Hartford Family Automobile Policy provides in part:
3. Persons Insured: The following are insureds under Section I:
(a) With respect to the owned automobile,
(1) the named insured and any resident of the same household,

*221 (2) any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *.
Under the express language of this clause, which is generally referred to as an "omnibus clause," the named insured and any resident of the same household are insureds under the Hartford policy. Any other person can only become insured when using the automobile with the permission of the named insured or his spouse if a resident of the same household whether that permission be express or implied.[1] Thus, Albert, who is conceded by the parties to be a resident of his father's household, was an insured under the Hartford policy. He did not need permission from his father to use the car to obtain the protection of this policy.
However, if the clause is read literally, as contended by Hartford, while Albert would be an insured under the policy when he takes his father's car with or without permission or even contrary to his father's instructions, nevertheless, he could not give permission to a second user so as to extend coverage to that person.[2] Such a result seems contrary to logic and the strong policy of this State for the liberal construction of liability insurance to effectuate the broadest range of protection to users of our highways. Matits v. Nationwide Mutual Ins. Co., 33 N.J. 488, 495 (1960); State Farm v. Zurich Am. Ins. Co., 62 N.J. 155, 168 (1973).
Our law is now well settled that in spite of the precise language of an omnibus clause which generally restricts coverage to any person using the automobile with permission of the named insured, if the first user in fact has permission from the named insured, lack of permission, whether express *222 or implied, of such named insured for use by a later permittee is irrelevant to coverage, short of theft, or the like. See Odolecki v. Hartford Acc. & Indem. Co., 55 N.J. 542, 550 (1970); State Farm v. Zurich Am. Ins. Co., supra. In fact, in Indemnity Ins. Co., etc. v. Metropolitan Cas. Ins. Co. of N.Y., 33 N.J. 507 (1960), our Supreme Court has expressly held that even though the initial permittee was specifically instructed not to let anyone else drive the car, the second permittee was covered as an additional insured notwithstanding the violation of such instructions. In reaching this result the court held that the second permittee was covered since the car was being used for the purpose permitted by the named insured, stating:
Under the omnibus clause of its insurance contract, Metropolitan agreed to cover "any person while using the automobile * * * provided the actual use is with * * * [the named Insured's] permission." The clause says nothing about operation of the vehicle. It is the use which must be permitted. Defendant reads the word use as synonymous with operation, and argues that since Mrs. Calandriello in effect expressly forbade Acerra from operating her car, Acerra was not covered. We think that in this context the words use and operation are not synonymous. The use of an automobile denotes its employment for some purpose of the user; the word "operation" denotes the manipulation of the car's controls in order to propel it as a vehicle. Use is thus broader than operation. Brown v. Kennedy, 141 Ohio St. 457, 48 N.E.2d 857 (Sup. Ct. 1943); Maryland Casualty Company v. Marshbank, 226 F.2d 637 (3 Cir.1955). One who operates a car uses it, Cronan v. Travelers Indemnity Co., 126 N.J.L. 56 (E. & A. 1941), but one can use a car without operating it. An automobile is being used, for example, by one riding in it although another is driving.
Since in this context the words operation and use have different meanings and the omnibus clause requires only that the use of the automobile be with the permission of the named insured, any prohibition as to the operation of the automobile is immaterial to a determination of coverage. Thus, even though a driver has been expressly prohibited from operating the car, he is covered if the car was being used for a purpose permitted by the named insured. * * * [at 513; citations omitted; emphasis as in original]
Our function in construing a policy of insurance, as with any other contract, is to broadly search for the probable *223 common intent of the parties in an effort to find a reasonable meaning in keeping with the express general purposes thereof. See Fidelity Union Trust Co. v. Robert, 36 N.J. 561, 567 (1962); Ins. Co. of Penna. v. Palmieri, 81 N.J. Super. 170, 179 (App. Div. 1963), certif. den. 41 N.J. 389 (1964). In this regard the well-recognized rule of construction, that where the policy provision under examination relates to the inclusion of persons other than the named insured within the protection afforded, a broad and liberal view is taken of the coverage extended, is pertinent. See Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur, 35 N.J. 1, 8 (1961). The terms "implied permission" for purposes of omnibus clause coverage, at least in the situation of a first permittee, has been held to mean "an inferential permission, in which a presumption is raised from a course of conduct or relationship between the parties in which there is mutual acquiescence or lack of objection signifying consent." See State Farm v. Zurich Am. Ins. Co., supra, 62 N.J. at 167.
The Hartford policy here involved expressly denominated residents of the named insured's household as insureds thereunder. Obviously by such language the intent of the parties was to afford insurance protection to residents of the latter's household, thereby recognizing that residents of the named insured's household, such as Albert, would use the automobile described in the policy, and signifying their consent to such use. In view of the relationship existing between Albert and his father and the express language of this omnibus clause, Albert must be considered to have, at the very least, implied permission of the named insured (Piorkowski) to use the automobile covered by the Hartford policy.
A literal construction of this omnibus clause, which is somewhat different from those contained in other automobile policies, would create the anomalous situation wherein any resident of the named insured's household, though expressly covered by such policy as an insured, could not extend the protection of the policy to another to use the automobile even where such other person was on the business of the resident. *224 Yet if the named insured gave permission to a nonresident of his household to use the automobile with specific instructions that it not be driven by anyone else, anyone to whom such non-resident gave permission to use the automobile would be entitled to coverage under the policy notwithstanding the violation of the express instructions of the named insured. Such a result is not only contrary to what the parties to the insurance contract obviously and naturally intended, but violates the strong policy of our State to afford the broadest range of protection to persons using the highways. Moreover, such a literal construction of this omnibus clause is not reasonable in view of the present status of the case law of New Jersey construing the "omnibus clause" of automobile insurance policies.
Accordingly, we hold that Albert, as an insured under the omnibus clause, had implied permission to use the car so as to enable him to give permission to Tooker, the second permittee, thereby extending the coverage of the Hartford policy to Hooker as an additional insured. The judgment below, therefore, is reversed and the matter remanded to the trial court for the entry of judgment in accordance with the opinion of this court.
NOTES
[1] The term "named insured" is defined in this policy to include in addition to the individual named in Item 1 of the Declaration (Piorkowski) his spouse if a resident of the same household.
[2] Cf. Touchet v. Firemen's Ins. Co. of Newark, 159 So.2d 753, 755 (La. Ct. App. 1964), construing the identical clause in this manner.