646 A.2d 443

THE FRANKLIN MUTUAL INSURANCE COMPANY, PLAINTIFF–
RESPONDENT, v. SECURITY INDEMNITY INSURANCE
COMPANY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 14, 1994—Decided July 14, 1994.

Before Judges MICHELS and SKILLMAN.

*Donna Russo* argued the cause for appellant.

*Donald L. Crowley* argued the cause for respondent (*Methfessel & Werbel,* attorneys; *Mr. Crowley,* of counsel and on the brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant Security Indemnity Insurance Company (Security) appeals from a summary judgment of the Law Division that (1) ordered it to reimburse plaintiff Franklin Mutual Insurance Company (Franklin) one-half of the amount of judgment recovered by Lisa Arkin against Franklin's insured, Law Building Associates, in an underlying personal injury negligence action and one-half of the legal fees and costs incurred by Franklin in defending that action, and (2) dismissed Security's counterclaim seeking coverage for its insured, Jury Box Luncheonette (Jury Box) under the Franklin liability policy issued to Law Building Associates. The trial court held that Franklin's insured, Law Building Associates, which was an additional insured under the Security policy, was entitled to coverage in connection with Ms. Arkin's personal injury action.

The underlying personal injury negligence action, which gave rise to this coverage matter, stems from an accident that occurred on the exterior steps leading into the Jury Box Luncheonette. The luncheonette was located within an office building owned by Law Building Associates. Ms. Arkin, the plaintiff in the underlying action, alleges that after she left the luncheonette, she slipped on a substance on top of the exterior steps, her heel caught in a chipped tile on the corner of the top step, and she fell down the steps. The premises occupied by the luncheonette consisted of "987.65 square feet of first floor space and 1,196.05 square feet of basement space," as defined in the lease. In addition to the exterior steps leading into the luncheonette, the location of Ms. Arkin's accident, patrons could also access the luncheonette through an entrance from the inside hallway of the building. Tenants of the building were able to walk through the luncheonette to their offices in the building and apparently did so. The lease between Law Building Associates and the owner of the luncheonette provided:

WITNESSETH: Lessor leases to Lessee and Lessee hires from Lessor Suite 101 consisting of 987.65 square feet of first floor space and 1,196.05 square feet of basement space, (hereinafter called "the demised premises" or "the premises") in

the building known as The Law Building, 66 Hamilton Street, in the City of Paterson, County of Passaic and State of New Jersey 07505....

At the trial of the underlying action, Ms. Arkin's liability expert testified that the top step on which Ms. Arkin slipped was sloped, that the tiles were not slip resistant, and that the chipped tile created a hazard upon which people could trip. One of the owners of the luncheonette testified that Law Building Associates was responsible for the maintenance and repair of the exterior steps, that they were not permitted to make any repairs to the exterior steps, and that Law Building Associates made structural repairs to the steps, including a recent repair to the handrail. The owner also denied that there was any substance on the exterior steps at the time of the accident.

At the conclusion of the proofs in the underlying action, the jury found that Law Building Associates was sixty percent negligent; Jury Box was twenty-five percent negligent, Ms. Arkin was fifteen percent negligent, and their respective negligence was a proximate cause of the accident and injuries sustained by Ms. Arkin. The jury also determined that Ms. Arkin sustained damages in the total sum of $55,000. The trial court molded the verdict and entered judgment accordingly in favor of Ms. Arkin against Law Building Associates and Jury Box. Both Security and Franklin paid the judgment on behalf of their respective insureds.

Franklin thereupon instituted this action against Security, seeking to be indemnified by Security for one-half of the judgment recovered by Ms. Arkin against Law Building Associates, and one-half of the legal fees and costs incurred in defending the action. Franklin contended that the Security Special Multi–Peril Policy Liability Insurance issued to Jury Box provided personal injury liability coverage to Law Building Associates by virtue of an Additional Insured Endorsement annexed to the Security policy. The Additional Insured Endorsement named Law Building Associates as an additional insured and provided:

It is agreed that the "Persons Insured" provision is amended to include as an insured the person or organization designated below, but only with respect to liability arising out of the ownership, maintenance or use of that part of the

premises designated below leased to the named insured, and subject to the following additional exclusions:

The insurance does not apply:

 1. to any occurrence which takes place after the named insured ceases to be a tenant in said premises;

 2. to structural alterations, new construction or demolition operations performed by or on behalf of the person or organization designated below.

Security, on the other hand, contended that the endorsement did not provide coverage to Law Building Associates because the accident took place on the exterior steps which were not part of the premises leased to Jury Box. Security also counterclaimed against Franklin, seeking similar coverage for Jury Box under the Franklin liability policy issued to Law Building Associates. Security alleged that Jury Box was covered under the Supplement Coverages provision of the Franklin policy.

On cross-motions for summary judgment, the trial court granted summary judgment in favor of Franklin, holding essentially that Law Building Associates was entitled to indemnity and a defense under the Security policy in connection with Ms. Arkin's underlying personal injury action, and in part reasoning:

> Now the Court has found that the steps are an essential adjunct to utilization of 64 Hamilton.... [T]wo commercial entities can agree to indemnify with regard to this type of common place tort which they did by virtue of their express contract. The insurance policy states that it covers the additional insured for the use, ownership and maintenance of the premises. There is no question that it was the tenant's customer who was using the premises and whose fall necessitated a payout under the policies. The only steps available to go out to the public street in this case when the accident occurred were those steps that are adjacent to the street and where this accident in fact did occur. There is no public policy reason overriding the contractual arrangements between these two commercial entities and the Court is compelled to render judgment in favor of the plaintiff because of all those factors. In addition to that, I believe the case law in Hartford Accident and Indemnity versus Ambassador which is at 163 [New Jersey] Super 250, Appellate Division 1978 clearly confirms that policy within our case law as it relates to two commercial insureds and most recently there was a reliance case out of the Appellate Division that confirms the condition the Court has been compelled to take in this litigation between the two carriers so the Court as I say will enter judgment in favor of the plaintiff.

This appeal followed.

 Our function in construing a policy of insurance, as with any other contract, is to search broadly for the probable common

intent of the parties in an effort to find a reasonable meaning in keeping with the express general purpose thereof. *See Fidelity Union Trust Co. v. Robert,* 36 *N.J.* 561, 567, 178 *A.*2d 185 (1962); *Scarfi v. Aetna Cas. & Sur. Co.,* 233 *N.J.Super.* 509, 514, 559 *A.*2d 459 (App.Div.1989); *Tooker v. Hartford Acc. & Indem. Co.,* 128 *N.J.Super.* 217, 222–23, 319 *A.*2d 743 (App.Div.1974); *Ins. Co. of State of Penna. v. Palmieri,* 81 *N.J.Super.* 170, 179, 195 *A.*2d 205 (App.Div.1963), *certif. den.,* 41 *N.J.* 389, 197 *A.*2d 15 (1964). In this pursuit, a broad and liberal view should be taken so that the policy is construed in favor of the insured. *Bello v. Hurley Limousines, Inc.,* 249 *N.J.Super.* 31, 40, 591 *A.*2d 1356 (App.Div. 1991). Where the language of a policy will support two meanings, one favorable to the insured and the other favorable to the insurer, the interpretation sustaining coverage must be applied. *Mazzilli v. Acc. & Cas. Ins. Co. of Winterthur,* 35 *N.J.* 1, 7, 170 *A.*2d 800 (1961). Additionally, it is a well-settled principle that purchasers of insurance are entitled to "the broad measure of protection necessary to fulfill their reasonable expectations." *Kievit v. Loyal Protective Life Ins. Co.,* 34 *N.J.* 475, 482, 170 *A.*2d 22 (1961). In the language of our Supreme Court, "their policies should be construed liberally in their favor to the end that coverage is afforded 'to the full extent that any fair interpretation will allow.'" *Ibid.; see also Westchester Fire Ins. Co. v. Continental Ins. Co.,* 126 *N.J.Super.* 29, 36, 312 *A.*2d 664 (App.Div. 1973), *aff'd o.b.,* 65 *N.J.* 152, 319 *A.*2d 732 (1974).

Considered in this light, the language of the Additional Insured Endorsement of the Security policy provided coverage to Law Building Associates in connection with Ms. Arkin's personal injury negligence action. The endorsement provided coverage "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises designated below leased to the named insured...." The key phrase "arising out of the ... use" must be interpreted or construed in a broad and comprehensive sense to mean "originating from the use of" or "growing out of the use of" the premises leased to Jury Box. Thus, there

need be shown only a substantial nexus between the occurrence and the use of the leased premises in order for the coverage to attach. The inquiry, therefore, is whether the occurrence which caused the injury, although not foreseen or expected, was in the contemplation of the parties to the insurance contract a natural and reasonable incident or consequence of the use of the leased premises and, thus, a risk against which they may reasonably expect those insured under the policy would be protected. *See Westchester Fire Ins. Co. v. Continental Ins. Co., supra,* 126 *N.J.Super.* at 38, 312 *A.*2d 664; *cf. Scarfi v. Aetna Cas. & Sur. Co., supra,* 233 *N.J.Super.* at 515, 559 *A.*2d 459; 1 Larson, *Workmen's Compensation Law,* ch. 3, § 6 "Interpretation of Arising" (1990); L.D. Scheafer Annotation, *"Automobile Liability Insurance: What Are Accidents or Injuries 'Arising Out of Ownership, Maintenance, or Use' of Insured Vehicle,"* 15 *A.L.R.* 4th 10 (1982).

Based on this record, Ms. Arkin's accident was a risk against which Security provided Law Building Associates protection under the endorsement. There was a relationship between the occurrence, *i.e.,* Ms. Arkin's slip and fall on the exterior steps, and the use of the premises leased to Jury Box. Ms. Arkin, who had been in the luncheonette, slipped and fell on the exterior steps as she was leaving the luncheonette. While the accident did not occur precisely within that part of the premises leased to Jury Box, we do not interpret or construe the endorsement to provide coverage only where the occurrence takes place within the leased premises. In our view, the accident arose out of the use of premises leased to Jury Box in the broadest and most comprehensive sense, and was therefore within the coverage provided to Law Building Associates by the Security policy. Consequently, Law Building Associates was entitled to coverage under the Security policy for the underlying lawsuit, and therefore summary judgment was properly granted in favor of Franklin for reimbursement from Security for one-half of the judgment and one-half of the costs and counsel fees.

We are also satisfied that the trial court properly dismissed Security's counterclaim, seeking to be reimbursed by Franklin for one-half of the judgment recovered by Ms. Arkin against Jury Box and one-half of the legal fees and costs incurred in defending that action. Jury Box was neither a named insured nor an additional insured under the Franklin policy. Moreover, the Franklin policy cannot reasonably be interpreted or construed to provide coverage to Jury Box for the underlying law suit. Security's arguments to the contrary are clearly without merit. *R.* 2:11–3(e)(1)(E).

Accordingly, the summary judgment under review is affirmed.