**CITY OF CEDAR RAPIDS, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA and Cigna Property and Casualty Companies, Appellees.**

No. 95–2240.

Supreme Court of Iowa.

April 23, 1997.

James H. Flitz, Cedar Rapids, for appellant.

Fred L. Morris, Des Moines, for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

The City of Cedar Rapids (the city), plaintiff in the district court, appeals from a declaratory judgment establishing that, although it was an additional insured under the liability insurance policy of the owners of a hotel, the coverage thus afforded to it did not extend to a claim for injuries sustained on city property not leased to the hotel and not described in the declarations of the hotel's liability insurance policy. The appellees-insurers are Insurance Company of North America and CIGNA Property and Casualty Companies (hereinafter referred to in the singular as INA–CIGNA). After reviewing the record and considering the arguments presented, we affirm the judgment of the district court.

The city and the hotel owner, Aetna Life Insurance Company (as assignee of a prior owner of the hotel), were parties to an agreement concerning the hotel's lease of airspace over a city-owned arena. Paragraph 13 of that contract contained an indemnity agreement not relevant here and also provided:

> [The hotel] shall maintain fire, storm and hazard insurance as well as public liability insurance with respect to the improvements to be located on or over the real estate set forth in Exhibit A [the city's arena] and [the hotel] shall name on said insurance the City of Cedar Rapids, Iowa, as an additional insured.

The city and the hotel owner were also parties to an agreement concerning the hotel's lease of a ballroom adjacent to the hotel on property owned by the city. Paragraph 10 of that agreement refers to paragraph 13 of the airspace lease and states:

> [The hotel] will include the ballroom within its public liability insurance policy referred to in paragraph 13 of the Lease of Air Rights.

Although the language last quoted does not state that the city was to be named as an additional insured under the liability insurance required with respect to the ballroom, the district court held that this was the intention of paragraph 10. INA–CIGNA does not dispute this interpretation.

The present dispute has arisen as the result of the city's defense of a tort claim made against it by a guest at a private party held in the ballroom pursuant to arrangements with the hotel. The primary access to the ballroom was by means of a segment of the city-owned skywalk system. On departure from the ballroom and entry onto the skywalk, the guest pushed against and through a plate glass wall of the skywalk system one story above street level. The wall gave way, and he fell to the ground below, sustaining serious injuries. The city successfully de-

fended against the guest's tort claim but now contends that, as an additional insured under the hotel's liability insurance policy on ballroom operations, it is entitled to be indemnified by INA–CIGNA for its costs of defense.

■ The district court's declaratory judgment determined that the liability coverage afforded to the city, as an additional insured under the hotel's policy, did not extend to an occurrence that took place on the city-owned skywalk system not leased by the hotel and not described in the declarations of the hotel's liability insurance policy. Although the city contends otherwise, we conclude that the district court's interpretation accurately reflects the coverage afforded the city as an additional insured under the INA–CIGNA policy.

The city's inclusion as an additional insured under the policy at issue was not by specific designation naming the city as such, but was by means of a policy endorsement that provided:

> [I]t is agreed that this policy shall include, as an additional insured, any corporation, company, partnership, trust, other organization, or person to whom the named insured is obligated by contract or agreement to provide such insurance of the type provided under this policy.

That endorsement also contains the following language conditioning the liability coverage provided to an additional insured:

> It is further agreed that this endorsement shall apply only to the designated premises being insured by this policy, which are directly connected with the real estate and investment operations conducted by [the hotel owner].

The declaration section of the policy does not describe the city-owned skywalk system. Moreover, it specifically provides that the policy pertains to "premises owned by, rented to, or controlled by the Named Insured." Viewing the stipulation of facts on which this case was tried most favorably to the city, we are unable to conclude that the occurrence giving rise to the injured claimant's legal action against the city was within the coverage afforded an additional insured.

The city seeks to avoid the limitations found in the policy language by urging that there is substantial nexus between the publicly controlled access to the ballroom and the privately maintained and managed activities carried on within the ballroom by the hotel. In support of this contention, the city relies on *Franklin Mutual Insurance Co. v. Security Indemnity Insurance Co.*, 275 N.J.Super. 335, 646 A.2d 443 (App.Div.1994). In that case a law office rented space to a restaurant. A restaurant patron slipped and fell while walking on exterior steps, which were the responsibility of the law office to maintain. The restaurant's insurance policy provided that the law office was an additional insured, "but only with respect to liability arising out of the ownership, maintenance, or use" of the leased premises. *Franklin Mut. Ins. Co.*, 646 A.2d at 445. The New Jersey court noted that the additional insured clause extended to liability arising from the "use" of the leased premises. It reasoned that even though the steps where the accident occurred were not within the leased premises, there was a substantial nexus between the steps and the use of the leased premises because the steps provided access thereto. *Id.* at 446.

We conclude that substantial differences in the language of the policies involved distinguish the present case from the decision of the New Jersey court. Unlike the policy of the New Jersey restaurant, the hotel's policy only extends coverage to an additional insured for occurrences involving property owned by, rented to, or controlled by the named insured, and then only if the location is described in the policy's declarations. The city's skywalk fails to qualify as to both of these conditions.

■ The city argues that, if its additional insured status under the hotel's policy does not extend to the liability at issue here, then the policy does not accurately reflect the coverage to which it was entitled under the lease agreement with the hotel. We believe the clear answer to this contention is that, if the hotel failed to procure for the city the full extent of liability coverage that was required under the agreement, the city must look to the hotel for recourse and not the insurance

company. The insurer was only required to defend in accordance with the provisions of its policy.

As a final contention, the city urges that it had a reasonable expectation that it would be covered by the policy under the principles discussed in *Rodman v. State Farm Mutual Automobile Insurance Co.*, 208 N.W.2d 903 (Iowa 1973). We are convinced that the doctrine of reasonable expectations recognized in the *Rodman* decision has reference to the expectations of an insured who contracts directly with the insurer. It does not extend to an additional insured whose expectations do not arise from dealings with the insurer but rather from private agreements made with the named insured.

We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**