**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**
Plaintiff–Appellant,

v.

**FARMERS INSURANCE EXCHANGE,**
Defendant–Appellee.

No. 09CA0830.

Colorado Court of Appeals,
Div. II.

June 10, 2010.

Montgomery, Kolodny, Amatuzio & Dusbabek, L.L.P., Kevin F. Amatuzio, John R. Chase, Denver, Colorado, for Plaintiff–Appellant.

Levy, Morse & Wheeler, P.C., Stuart D. Morse, Ian T. Hicks, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge TERRY.

This appeal involves construction of a provision in a commercial liability insurance policy that provides "additional insured" coverage for liability that "arises out of" a commercial tenant's use of leased premises. We conclude that where the tenant's customer's injury occurred in a parking lot that was not part of the leased premises, and there was not a sufficient nexus between the injury and the leased premises, the liability for the injury did not "arise out of" the tenant's use of the leased premises. Therefore, we conclude there was no coverage provided to the landlord or its property manager as additional insureds.

In light of this conclusion, we affirm the trial court's order granting summary judgment to defendant, Farmers Insurance Exchange (Farmers), and against plaintiff, Travelers Property Casualty Company of America (Travelers).

## I. Background

The facts pertinent to this appeal are undisputed. Cherry Knolls 99, LLC (Cherry Knolls) owned a shopping center in Littleton. It entered into a commercial lease agreement to lease suite 290 of the shopping center to a lessee. The lease was signed by Cherry Knolls' property manager, ACF Property Management (ACF). The original lessee later assigned its interest in suite 290 to another entity (tenant), which operated a restaurant there.

Tenant obtained a commercial liability insurance policy from Farmers that covered the leased premises and named "Cherry Knolls c/o ACF Property Management, Inc." as an additional insured. Cherry Knolls and ACF also obtained their own commercial liability insurance policy issued by Travelers.

Thereafter, tenant's customer went to eat at the restaurant and parked her car in the shopping center's parking lot. After eating, customer left the restaurant and, while walking in the parking lot to reach her car, slipped on ice, fell, and was injured. She sued Cherry Knolls and ACF to recover for her injuries.

Travelers accepted defense of Cherry Knolls and ACF in the suit, and tendered a request for defense and indemnity to Farmers. After Farmers declined any obligation to defend or indemnify, Travelers settled the case with customer. Travelers later brought this action against Farmers for contribution, seeking to recover what it contended was Farmers' share of the settlement amount and costs of defense.

Both parties moved for summary judgment. The trial court ruled that there was no coverage for customer's injuries under Farmers' policy, and thus denied Travelers'

motion and granted Farmers' motion. Travelers appeals that ruling.

## II. Standard of Review

◼ We review a grant of summary judgment de novo. *Georg v. Metro Fixtures Contractors, Inc.,* 178 P.3d 1209, 1212 (Colo. 2008).

◼ We also review interpretation of insurance policy language de novo. *Dupre v. Allstate Ins. Co.,* 62 P.3d 1024, 1027 (Colo. App.2002). Insurance policies are interpreted consistently with well-settled principles of contract law. *Chacon v. American Family Mut. Ins. Co.,* 788 P.2d 748, 750 (Colo.1990). If the meaning of an insurance policy is expressed in plain, certain, and readily ascertainable language, it must be enforced as written. *Swentkowski v. Dawson,* 881 P.2d 437, 439 (Colo.App.1994). The terms of a policy are construed as "they would be understood by a person of ordinary intelligence." *State Farm Mut. Auto. Ins. Co. v. Nissen,* 851 P.2d 165, 167 (Colo.1993).

## III. Coverage Under the Farmers Policy

Travelers contends the trial court erred in ruling that the claim for customer's injury was not covered under the Farmers policy. We agree with the trial court that the Farmers policy did not provide coverage for the claim.

The Farmers policy listed "Cherry Knolls c/o ACF Property Management Inc." as an additional insured. The additional insured provision states, "The person or organization shown in the Schedule is also an insured, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to [tenant] and shown in the Schedule." The Schedule identifies the leased premises as suite 290 of the Cherry Knolls Shopping Center, and does not list common areas, such as the parking lot. The lease does not require tenant to provide additional insured coverage with respect to the common areas. Instead, tenant contributed to Cherry Knolls' cost to insure the common areas.

To determine whether Farmers owed Cherry Knolls and ACF a duty to defend or indemnify for this incident, we must determine whether their liability for customer's injury "ar[ose] out of the ownership, maintenance or use" of suite 290 (the restaurant). We conclude it did not.

Colorado appellate courts have not previously addressed whether a claim based on an injury that occurs *outside* the leased premises identified in a liability insurance policy is nevertheless covered because liability for the injury "arose out of" the use of those premises. We look for guidance to Colorado precedents that have defined the phrase "arising out of," and precedents from other jurisdictions that have considered similar policy provisions.

◼ The Colorado Supreme Court has defined "arising out of," as used in insurance policies, to mean "originat[ing] from," "grow[ing] out of," or "flow[ing] from." *Northern Ins. Co. v. Ekstrom,* 784 P.2d 320, 323 (Colo.1989); *see also Management Specialists, Inc. v. Northfield Ins. Co.,* 117 P.3d 32, 37 (Colo.App.2004). Coverage under a policy provision such as the one presented here depends on the nexus between the covered property and the injuries complained of, and on whether the injury would not have occurred "but for" the use of the insured property. *State Farm Mut. Auto. Ins. Co. v. Kastner,* 77 P.3d 1256, 1264 (Colo.2003) (citing *Cung La v. State Farm Auto. Ins. Co.,* 830 P.2d 1007, 1012 (Colo.1992)).

◼ To demonstrate that an injury arose out of the ownership, maintenance, or use of insured property, the party seeking coverage must show that the property's use was integrally related to the injured party's activities and the injury at the time of the accident. *See Aetna Cas. & Sur. Co. v. McMichael,* 906 P.2d 92, 103 (Colo.1995) (establishing "integrally related" test in automobile context). There must be an unbroken causal chain between the use and the injury. *Kastner,* 77 P.3d at 1264; *see also Azar v. Employers Cas. Co.,* 178 Colo. 58, 61, 495 P.2d 554, 555 (1972) (there must be a causal connection between the use of the insured vehicle and the injury for coverage to "arise out of the use of" that vehicle). The party seeking coverage must show that "except for

the use of the [insured property], the accident or incident in question would never have taken place." *Kastner,* 77 P.3d at 1264.

In addition, to complete and satisfy the causal analysis, the [party seeking coverage] must show that the "use" of the [property] and the injury are directly related or inextricably linked so that no independent significant act or non-use of the [property] interrupted the "but[-]for" causal chain between the covered use of the [property] and the injury.

*Id.*

■ Here, customer's patronage of the restaurant was not integrally related to her injury at the time of the accident. Her visit to the restaurant did not expose her to any increased risk of falling in the parking lot. It was not necessary for her to visit the restaurant in order to come in contact with the ice hazard. The parties concede that she could have visited another store, and never visited the restaurant, yet still have walked into the parking lot, encountered the ice hazard, and fallen. Moreover, customer could have avoided the ice by taking a different path from the restaurant to her car. Thus, her visit to tenant's premises was not the "but-for" cause of injury. *Cf. Cung La,* 830 P.2d at 1008 ("but-for" test met where insured property was an "active accessory" to the injury, injury would not have occurred without use of the insured property, and there was no interruption or independent significant act between the use of the insured property and the injury).

We disagree with Travelers' contention that the "but-for" test was satisfied, simply because customer would not have fallen had she not visited the restaurant. While it may be true that she would not have visited the shopping center if she had not gone to eat at the restaurant, that circumstance alone is insufficient to trigger coverage. *Kastner* requires us to determine whether there was an "unbroken causal chain," 77 P.3d at 1264. The facts presented here do not indicate an unbroken causal chain between customer's use of the restaurant and her injury. Her fall did not occur inside the restaurant or immediately outside it. Nor was there any allegation that the restaurant contributed to

the icy conditions in the parking lot. Maintenance of the common areas was the sole responsibility of Cherry Knolls and ACF.

Our conclusion is in accord with decisions from other jurisdictions that have considered similar policy language in similar factual contexts. *See Hilton Hotels Corp. v. Employers Ins.,* 629 So.2d 1064, 1065 (Fla.Dist.Ct.App. 1994) (tenant's business not "but-for" cause of employee's injury resulting from slip and fall that occurred while employee was walking through common area to get to work); *Liberty Mut. Ins. Co. v. Michigan Mut. Ins. Co.,* 891 N.E.2d 99, 103 (Ind.Ct.App.2008) (tenant's business not "but-for" cause of employee's injury resulting from slip and fall that occurred while employee was walking through common area managed by landlord); *but see Franklin Mut. Ins. Co. v. Security Indem. Ins. Co.,* 275 N.J.Super. 335, 646 A.2d 443 (N.J.Super.Ct.App.Div.1994) (tenant's business was "but-for" cause of injury to patron who fell on steps outside store).

Because liability for the injury did not arise out of the use of tenant's premises, there was no liability coverage for the claim under the Farmers policy. Consequently, Farmers did not owe Cherry Knolls or ACF a duty to defend or indemnify and thus did not owe any contribution to Travelers. Therefore, we conclude the trial court did not err in granting Farmers' motion for summary judgment.

### IV. Attorney Fees

Citing C.A.R. 28(b), Farmers requests an award of attorney fees incurred in connection with this appeal. That rule is not a substantive provision entitling an appellee to attorney fees. Rather, the rule only requires a litigant to specify in its answer brief any request for attorney fees it might desire to make. C.A.R. 28(b) does not relieve the appellee of the burden to show legal entitlement to recover attorney fees.

Because Farmers has not stated a legal basis for its attorney fee request, the request is denied. *Allen v. Reed,* 155 P.3d 443, 447 (Colo.App.2006) (under C.A.R. 39.5, if attorney fees are recoverable for an appeal, the

party claiming them must specifically request them and state the legal basis therefor).

The judgment is affirmed.

Judge CASEBOLT and Judge FURMAN concur.