**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3245-17T4

COMCAST OF GARDEN
STATE, LP,

    Plaintiff-Respondent/
    Cross-Appellant,

v.

THE HANOVER INSURANCE
COMPANY and JNET
COMMUNICATIONS, LLC, t/d/b/a
VITEL COMMUNICATIONS, LLC,

    Defendants-Appellants/
    Cross-Respondents.

_____

Submitted March 13, 2019 – Decided July 10, 2019

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0925-16.

Donnelly Minter & Kelly, LLC, attorneys for appellants/cross-respondents (Seth Alan Abrams and David Morgan Blackwell, on the briefs).

Lavin, O'Neil, Cedrone & DiSipio, attorneys for respondent/cross-appellant (Michael J. Quinn, on the briefs).

PER CURIAM

In this insurance coverage and breach of contract action, defendants The Hanover Insurance Company (Hanover) and JNET Communications, LLC (JNET), appeal from orders granting plaintiff Comcast of Garden State, LP (Comcast), summary judgment, finding Comcast is entitled to a defense and indemnification under an insurance policy Hanover issued to JNET, awarding Comcast $349,468.83 in defense costs and fees, and denying Hanover's motions for summary judgment dismissing the complaint.[1]  Comcast cross-appeals asserting that if it is determined the court erred by finding Comcast is entitled to a defense and indemnification under the policy, we should reverse the court's order denying Comcast's motion for summary judgment on its contract claim

---

[1] Defendants' notice of appeal also references the court's October 27, 2017 order denying their motion for reconsideration.  Defendants' briefs on appeal do not include any argument challenging the court's order on the reconsideration motion and we therefore do not address that order.  An argument not briefed on appeal is deemed waived.  R. 2:6-2(a)(6); see also El-Sioufi v. St. Peter's Univ. Hosp., 382 N.J. Super. 145, 155 n.2 (App. Div. 2005).  We note, however, that because we reverse the orders from which defendants sought reconsideration, it would be otherwise unnecessary to address the merits of the reconsideration order.

against JNET. Based on our review of the record in light of the applicable law, we reverse in part, affirm in part and remand for further proceedings.

## I.

Richard Endres filed a complaint alleging he sustained injuries due to the negligence of JNET and Comcast when he tripped over a temporary above-ground cable JNET installed while performing work as Comcast's contractor. Comcast tendered its defense to Hanover under the comprehensive general liability policy it issued to JNET as the insured, and Hanover initially accepted the defense and assigned counsel to Comcast and JNET. Comcast was dismissed from the litigation based on JNET's admission that it placed a temporary cable on the property.

The claim against Comcast was subsequently reinstated on Endres's motion after deposition testimony suggested that a Comcast technician placed or replaced the temporary cable after the JNET employee first placed the cable on the property where Endres fell. Hanover tendered the defense back to Comcast, claiming the alleged loss "did not arise out of [JNET's] work" and therefore Comcast was not owed a defense under the policy. At the trial on Endres's claim, the jury found Comcast sixty percent liable and JNET forty percent liable, and awarded damages.

A-3245-17T4

Comcast filed a complaint against Hanover and JNET seeking a declaratory judgment that Hanover was obligated to defend and indemnify Comcast because Comcast was an additional insured entitled to coverage under the policy. Comcast also asserted a claim against JNET alleging that if Comcast was not covered under the policy, JNET breached its contract with Comcast by failing to obtain the insurance required under that contract.

The court granted Comcast's subsequent motion for summary judgment finding Comcast was an additional insured entitled to a defense and indemnification under the policy, awarded Comcast $349,468.83 in defense costs and fees, and denied Hanover's motion for summary judgment for dismissal of the complaint. The court also denied Comcast's motion for summary judgment on its breach of contract claim against JNET, determining there was no basis for the claim because JNET had, in fact, obtained the required insurance coverage under its contract with Comcast. Following the denial of defendants' motion for reconsideration, this appeal followed.

II.

By its grant of summary judgment to Comcast, the court determined Comcast was an additional insured entitled to coverage for its own negligence under the insurance policy Hanover issued to JNET as the insured. "We apply

4

the same standard the judge applied in ruling on summary judgment." Wear v. Selective Ins. Co., 455 N.J. Super. 440, 453 (App. Div. 2018). We determine whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party, Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38-41 (2012), and whether, based on the undisputed facts, the moving party "must prevail as a matter of law," Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)). We review the court's determination of legal issues de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The material facts pertaining to the interpretation of the JNET policy are not in dispute. In the underlying personal injury trial, the jury determined JNET is forty percent liable for Endres's injuries based on its negligence and Comcast is sixty percent liable based on its negligence. JNET is the named insured under the policy. Comcast is entitled to a defense and indemnification from Hanover under the policy only if Comcast qualifies as an additional insured for its own negligence.

"The interpretation of an insurance policy upon established facts is a question of law for [this] court to determine," Wear, 455 N.J. Super. at 453,

"independent of the [motion] court's conclusions," Thompson v. James, 400 N.J. Super. 286, 291 (App. Div. 2008) (quoting Simonetti v. Selective Ins. Co., 372 N.J. Super. 421, 428 (App. Div. 2004)). Thus, Hanover's appeal presents a question of law: is Comcast an additional insured for its own negligent acts under the policy? For the reasons that follow, we conclude Comcast is not an additional insured for its own negligence and that the motion court erred by finding otherwise.

We apply well-established principles governing the interpretation of an insurance policy. "[T]he basic rule is to determine the intention of the parties from the language of the policy, giving effect to all parts so as to give a reasonable meaning to its terms." Simonetti, 372 N.J. Super. at 428. We "give the policy's words 'their plain, ordinary meaning,'" Wear, 455 N.J. Super. at 453 (quoting Nav-Its, Inc. v. Selective Ins. Co. of Am., 183 N.J. 110, 118 (2005)), "cannot make a better contract for the parties than the one that they themselves agreed to" and "must enforce the contract as written," Simonetti, 372 N.J. Super. at 428.

Generally, "policies should be construed liberally in . . . favor [of the insured] to the end that coverage is afforded 'to the full extent that any fair interpretation will allow.'" Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475,

482 (1961) (citation omitted). Where the parties dispute the interpretation of the policy, "it is the insured's burden to bring the claim within the basic terms of the policy." Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 258 (App. Div. 2008) (quoting Rosario v. Haywood, 351 N.J. Super. 521, 529 (App. Div. 2002)).

Where an ambiguity exists, the court will ordinarily resolve same in favor of the insured. Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 571 (1999). But where there is no ambiguity in the policy, the court "may not engage in a strained construction to impose a duty on the carrier that is not contained in the policy." Polarome, 404 N.J. Super. at 259. If the terms of the policy are clear, we must enforce them as written. Stone v. Royal Ins. Co., 211 N.J. Super. 246, 248 (App. Div. 1986).

Here, Comcast's claim it is an additional insured rests upon the following policy provisions:

> 1. Additional Insured by Contract, Agreement or Permit
>
> . . . .
>
> 5.a. Any person or organization with whom you agreed, because of a written contract, written agreement or permit to provide insurance, is an insured, but only with respect to:

(1) "Your work" for the additional insured(s) at the location designated in the contract, agreement or permit; or

(2) Premises you own, rent, lease or occupy.

This insurance applies on a primary basis if that is required by the written contract, written agreement or permit.

[(Emphasis added).]

The policy defines "Your Work" as:

22. "Your work":

a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes:

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

(2) The providing of or failure to provide warnings or instructions.

[(Emphasis added).]

A-3245-17T4

Hanover argues that under the circumstances presented here Comcast is not an additional insured for its own negligent acts under the plain language of the policy. More particularly, Hanover notes the policy provides Comcast is an additional insured but "only with respect to" JNET's work. Hanover contends Comcast is not an additional insured for its own negligence because the jury based its finding of Comcast's liability on Comcast's direct negligence unrelated to JNET's work and not vicarious liability based on JNET work.[2] Hanover contends that Comcast is not an additional insured "with respect to" the work for which the jury found it directly liable, and that Comcast's contentions to the contrary ignore the policy's plain and unambiguous language and the jury's verdict. We agree.

In the first instance, to qualify as an additional insured under the policy, Comcast must be a party for whom JNET, as the named insured, agreed to provide insurance. That condition is satisfied here; JNET agreed to provide insurance under its contract with Comcast. However, Comcast's status as a party

---

[2] The record does not include any specific findings made by the jury beyond its allocation of liability in its verdict: sixty percent to Comcast and forty percent to JNET. In their submissions to this court, the parties do not dispute that the jury's determination of the parties' respective liabilities is based solely on the jury's findings as to each party's direct negligence.

to whom JNET contractually agreed to provide insurance does not, by itself, render Comcast an additional insured entitled to coverage.

The policy expressly and unambiguously limits those who satisfy the first requirement for qualification as an additional insured. Thus, those parties to whom JNET agreed to provide insurance are additional insureds but "only with respect to . . . Your Work." The policy defines "Your Work" as JNET's "[w]ork or operations" or "[m]aterials, parts or equipment furnished in connection with such work or operations."

We apply the ordinary meaning of the terms "only" and "with respect to" because they are not defined in the policy. Wear, 455 N.J. Super. at 453; see also Zacarias v. Allstate Ins. Co., 168 N.J. 590, 595 (2001). "With respect to" means "with reference to" and "in relation to." Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/respect (last visited June 19, 2019). The term "only" is distinctly one of limitation; only is ordinarily defined as "solely" or "exclusively." Merriam-Webster.com Dictionary, https://www.merriam-webster.com/dictionary/only (last visited June 19, 2019). Thus, under the policy's plain language, Comcast is an additional insured solely and exclusively in reference and relation to JNET's work.

A-3245-17T4

Comcast makes no showing that its liability for Endres's injuries was based on JNET's work or that the jury found it vicariously liable for JNET's negligence in the performance of JNET's work. Instead, the jury apportioned liability based on JNET's and Comcast's separate and distinct negligence. In our view, the plain language of the policy does not support a finding that Comcast is an additional insured for its own negligence under the circumstances presented. The policy provides that Comcast is an additional insured "only with respect to" JNET's work; it does not provide that Comcast is an additional insured with respect to its own work or negligence. We must enforce the policy as written and cannot interpret it to provide more coverage than that to which Hanover and JNET agreed. Simonetti, 372 N.J. Super. at 428.

We are not persuaded by Comcast's and the court's reliance on our decisions in Franklin Mutual Insurance Co. v. Security Indemnity Insurance Co., 275 N.J. Super. 335 (App. Div. 1994), and Harrah's Atlantic City, Inc. v. Harleysville Insurance Co., 288 N.J. Super. 152 (App. Div. 1996). In those cases, we determined the scope of additional insured provisions different than the one at issue here. In Franklin, the policy provided coverage to an additional insured "only with respect to liability arising out of the ownership, maintenance or use of that part of the premises," 275 N.J. Super. at 338-39, and in Harrah's

11

the policy provided coverage to an additional insured "only with respect to liability arising out of the . . . use of that part of the premises leased," 288 N.J. Super. at 156 (alteration in original).

In those cases, coverage as an additional insured was dependent on the proper construction of the term "arising out of the use" of defined premises. In Franklin, we noted the analysis was founded on the "key phrase 'arising out of the . . . use,'" 275 N.J. Super. at 340 (alteration in original), and in Harrah's we observed the phrase "'arising out of the . . . use of' the . . . premises [was] not capable of precise definition," 288 N.J. Super. at 157 (first alteration in original). Thus, our analysis of the policies was limited to the proper interpretation of the term "arising out of the use" of defined premises, and we concluded that the term "broad[ly]" means "'originating from the use of' or 'growing out of the use of' the premises." Franklin, 275 N.J. Super. at 340; see also Harrah's, 288 N.J. Super. at 157. In our interpretation of the additional insured provisions, we noted the significance of the term "arising out of" to support our broad interpretation of the term "use" of the premises, finding that "[b]y using the 'arising out of . . .' phrase, the insurer . . . necessarily understood that it was providing coverage to the [additional insured] against accidents occurring

outside of the . . . premises." Harrah's, 288 N.J. Super. at 157 (second alteration in original).

Here, the additional insured provision does not include the "arising out of" language we found supported our broad interpretation of the "use of the premises" provisions in Franklin and Harrah's, and we do not consider an additional insured provision providing coverage based on the "use" of any premises. To the contrary, the JNET policy expressly provided additional insured coverage "only with respect to" JNET's work. That is, Comcast is an additional insured only in reference to or in relation to JNET's work.

We are not convinced by Comcast's claim, and the motion court's finding, that the policy is ambiguous and, for that reason, we should find Comcast is an additional insured entitled to coverage for its own negligence. See Simonetti, 372 N.J. Super. at 428 ("If the controlling language of the policy will support two meanings, one favorable to the insurer and one favorable to the insured, the interpretation supporting coverage will be applied."); cf. Cruz-Mendez, 156 N.J. at 571 (finding that ambiguities in insurance policies will ordinarily be resolved in favor of the insured). The fact that the parties offer two conflicting interpretations does not by itself give rise to an ambiguity. Rosario, 351 N.J. Super. at 530-31. The test for determining whether a genuine ambiguity exists

13

is whether the "phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Id. at 530 (quoting Lee v. Gen. Accident Ins. Co., 337 N.J. Super. 509, 513 (App. Div. 2001)). For the reasons noted, the policy provides no source of confusion here; Comcast is an additional insured "only with respect to" JNET's work, but its liability was not based on JNET's work. The jury found Comcast separately liable based on its own negligence and with reference and relation to its own work.

In sum, we find the policy is not ambiguous and that its plain language allows additional insured coverage only with respect to JNET's work. Because Comcast's liability was not determined in reference to or in relation to JNET's work, Comcast is not entitled to coverage as an additional insured for its own negligent acts under the policy. We therefore reverse the court's orders granting Comcast summary judgment on its claim for coverage under the policy and denying Hanover's summary judgment motion dismissing Comcast's coverage claim.

We also consider Comcast's appeal of the court's order denying its summary judgment motion on its claim against JNET for breach of contract by failing to obtain the insurance allegedly required under JNET's contract with Comcast. As previously explained, the court did not address the merits of

14

Comcast's motion because it concluded Comcast was entitled to insurance coverage as an additional insured under the JNET policy and, as such, Comcast could not succeed on its cause of action asserting JNET failed to provide the requisite insurance.

Based on our determination that Comcast is not entitled to coverage under the policy, the factual premise underlying the court's dismissal of Comcast's breach of contract claim against JNET is no longer extant. We do not, however, address the merits of Comcast's summary judgment motion. The motion court did not make any findings of fact and conclusions of law on the motion. Estate of Doerfler v. Fed. Ins. Co., 454 N.J. Super. 298, 301 (App. Div. 2018). In addition, the record on appeal does not otherwise permit a de novo disposition of the motion because the parties did not provide a complete set of the statement of material facts and responses submitted to the motion court under Rule 4:46-2(a) and (b). We therefore vacate the order denying Comcast's motion for summary judgment on its breach of contract claim against JNET and remand for the court to address the motion on the merits and for such other further proceedings that may be appropriate.

Affirmed in part, vacated in part and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION