719 A.2d 182 (1998)
315 N.J. Super. 519
PENNSVILLE SHOPPING CENTER CORPORATION, a/k/a Pennsville Associates, a/k/a Clover Financial Corporation, a/k/a Allstate Management Corp., Leona Jane Thomas and Assicurazioni Generali, S.P.A., Plaintiffs-Appellants,
v.
AMERICAN MOTORISTS INSURANCE COMPANY, t/a Kemper National Insurance Companies and Acme Markets, Inc., Defendants-Respondents.
Superior Court of New Jersey, Appellate Division.
Argued October 6, 1998.
Decided October 27, 1998.
Steven J. Polansky Moorestown, for plaintiffs-appellants (Spector Gadon & Rosen, attorneys; Mr. Polansky, on the brief).
John A. Jones Lindenwold, for defendants-respondents (Riley, Shovlin & Jones, attorneys; Mr. Jones, on the brief).
*183 Before Judges LONG, KESTIN and WEFING.
The opinion of the court was delivered by KESTIN, J.A.D.
This is a coverage dispute between insurance carriers. Plaintiff carrier, Assicurazioni Generali, S.P.A., provided liability coverage to the corporate owner of a shopping center (landlord). Defendant carrier, American Motorists Insurance Company, insured the company (tenant) which operated a supermarket on leased premises in the shopping center.
Both insureds were sued separately by a customer of tenant who had incurred injury from a fall in the shopping center parking lot when her shopping cart went into a pothole. Those suits were consolidated. In this separate declaratory judgment action, plaintiff carrier and its insured, landlord, sought a defense and indemnification or contribution from defendant carrier and its insured, tenant. Plaintiffs' motion for summary judgment as to those claims was denied. Subsequently, the underlying consolidated tort claim was settled. The full amount of the settlement was paid by plaintiff carrier on behalf of landlord. Plaintiff carrier now appeals from the trial court's August 14, 1997 "order declaring coverage," which memorialized an oral decision denying plaintiffs' motion for summary judgment and declared that defendant carrier "is under no duty to defend or indemnify plaintiffs in the underlying litigation[.]"
In their lease agreement, the parties had provided that tenant would indemnify landlord from loss or liability for damages "occurring on the demised premises except [for those] due to Landlord's negligence." Tenant was also obliged to name landlord "as an additional insured" on a one million dollar liability policy. The lease went on to provide that landlord would indemnify tenant from loss or liability for damages "resulting from Landlord's failure to carry out repairs or maintenance of the common areas required of it by this Lease. This obligation to Tenant shall be absolute, and shall not depend on receipt of notice by Landlord of the existence of defects or failure to make such repairs." Another term of the lease provided for payment by tenant of its pro rata share (with all other tenants) of the costs of maintaining the common areas of the shopping center, including the parking lot.
In denying plaintiffs' motion for summary judgment and holding that defendant carrier had no duty to defend or indemnify, Judge Supnick distinguished on their facts two cases relied upon by plaintiffs, Harrah's Atlantic City, Inc. v. Harleysville Ins. Co., 288 N.J.Super. 152, 671 A.2d 1122 (App.Div.1996), and Franklin Mutual Ins. Co. v. Security Indemnity Ins. Co., 275 N.J.Super. 335, 646 A.2d 443 (App.Div.), certif. denied, 139 N.J. 185, 652 A.2d 173 (1994). He held:
That [the plaintiff in the underlying action was a patron of the supermarket and was leaving the supermarket i]s the only nexus [between the leased premises and the injury] that you've given me, and I don't find that that's a sufficient nexus to establish a basis for imposing an extension of liability to the parking lot[;] and I don't find that that is so either, in light of the fact that the lease itself makes a provision for the fact that the landlord would maintain liability coverage as part of the additional rent that is paid by the tenants as part of, I suppose, a net-net lease setup.... So that there is provision for that.... [T]he landlord as a matter of fact has the obligation of maintaining the parking lot in a good working order, repair and condition, and he in fact....[i]ndemnifies the lessee in connection with that ... for any personal injury that results from the landlord's duty to carry out those repairs.
Acknowledging that this case did not directly involve application of the lease agreement, but rather interpretation of a separate insurance contract, Judge Supnick went on to state:
I don't find that there is a nexus, nor do I find that ... this accident ... which was... the result of a pothole [in the parking lot], other than the fact that the parking lot was a parking lot that also serviced Acme and also serviced other stores in the vicinity, [involves] a sufficient nexus to extend the application of that insurance contract *184 as is contended. And I do find that the cases that you've cited are distinguishable, that the nexus that was shown there is, I think, consistent with the coverage that was intended by those policies.
Manifestly, irrespective of the language of provisions of tenant's insurance policy covering landlord as an additional insured, tenant could not be seen to be providing any indemnification to landlord for damages sustained because of a condition for which tenant bore no responsibility at all and which, to the contrary, the parties had expressly agreed in their lease was the sole responsibility of landlord. This is what we take Judge Supnick to have been referring to in his use of the term "nexus," and we are in substantial agreement with that view. Absent an express and unambiguous contractual undertaking to do so, a tenant cannot logically be seen to be providing insurance to a landlord in respect of a liability for which the landlord has assumed sole responsibility and has agreed to indemnify the tenant. The indemnification rights of plaintiff carrier can rise no higher than the rights of its insured.
Under the terms of the lease in this case, tenant bore responsibility only for damages incurred on the demised premises. Its undertaking to name landlord as an additional insured must be taken to be coextensive with the scope of tenant's own liability. While it is axiomatic that policies of insurance are to be construed in favor of the insured and that interpretations of policy language favoring coverage are preferred, see Pep Boys v. Cigna Indemnity Ins. Co., 300 N.J.Super. 245, 249, 692 A.2d 546 (App.Div.1997); Records v. Aetna Life & Cas. Ins., 294 N.J.Super. 463, 467, 683 A.2d 834 (App.Div.1996), certif. denied, 151 N.J. 463, 700 A.2d 876 (1997), the question whether a party is insured at all may be a separate matter susceptible of resolution by reference to any relevant matter such as an underlying contract, here the lease agreement, which clarifies the intendments of the parties in apportioning responsibility and providing for insurance coverage. See, e.g., Liberty Village v. West American Ins. Co., 308 N.J.Super. 393, 396-97, 706 A.2d 206 (App.Div.), certif. denied, 154 N.J. 609, 713 A.2d 500 (1998); Carvalho v. Toll Bros. & Developers, 278 N.J.Super. 451, 465-66, 651 A.2d 492 (App.Div.1995), aff'd, 143 N.J. 565, 675 A.2d 209 (1996).
Affirmed.