**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1221-18T2

GATEWAY PARK, LLC,

      Plaintiff-Appellant,

v.

TRAVELERS INSURANCE
COMPANY,

      Defendant-Respondent,

and

STACIE GARRIS, GROUND
EFFECTS CONSTRUCTION,
LLC, and EXAMWORKS, INC.,

      Defendants.

_____

              Argued November 12, 2019 – Decided April 29, 2020

              Before Judges Vernoia and Susswein.

              On appeal from the Superior Court of New Jersey, Law
              Division, Union County, Docket No. L-2077-17.

Patrick D. Heller argued the cause for appellant (Law Offices of Terkowitz & Hermesmann, attorneys; Patrick D. Heller, on the briefs).

Frank E. Borowsky, Jr., argued the cause for respondent (Borowsky & Borowsky, LLC, attorneys; Frank E. Borowsky, of counsel and on the brief; Adam K. Gallagher, on the brief).

PER CURIAM

In this insurance coverage dispute, plaintiff Gateway Park, LLC sought a declaratory judgment it is entitled to coverage as an additional insured under a commercial general liability policy defendant Travelers Insurance Company[1] issued to plaintiff's tenant, ExamWorks, Inc. (ExamWorks). On the parties' cross-motions for summary judgment on the coverage issue, the court determined plaintiff was an additional insured under the policy, granted plaintiff's motion, and denied defendant's motion. The court later granted defendant's reconsideration motion, determining plaintiff was not an additional insured, and entered summary judgment for defendant. Based on our review of

---

[1] Defendant asserts its correct name is Travelers Indemnity Company and it was "improperly impleaded as Travelers Insurance Company." We refer to defendant by the name in which it was identified in the pleadings before the motion court.

2

the record, we conclude the court erred by granting the reconsideration motion, and reverse.

I.

The pertinent facts are not disputed. In January 2014, Stacie Garris slipped and fell on ice in the parking lot adjacent to a commercial office building plaintiff owned and in which ExamWorks was a tenant. ExamWorks employed Garris as a temporary worker, and she fell as she approached the building to begin work after parking her vehicle directly in front of the building's front door.

Garris suffered injuries as a result of her fall, and she filed a personal injury action against plaintiff, ExamWorks, and plaintiff's snow and ice remediation contractor, Ground Effects Construction, LLC (Ground Effects). Prior to trial, Garris settled her claims against plaintiff and Ground Effects. The court subsequently granted ExamWorks summary judgment dismissing Garris's complaint and plaintiff's crossclaims against ExamWorks.

Plaintiff filed a declaratory judgment action, asserting ExamWorks's lease with plaintiff required ExamWorks obtain liability insurance naming plaintiff as an additional insured. Plaintiff alleged defendant issued a liability policy to ExamWorks; plaintiff was an additional insured under the policy; and the policy obligated defendant to defend and indemnify plaintiff for Garris's claim.

Defendant filed an answer disputing plaintiff's claimed entitlement to coverage as an additional insured under the ExamWorks policy.

Following discovery, the parties cross-moved for summary judgment. The parties did not dispute the circumstances surrounding Garris's fall and injuries. The parties, however, disagreed over the meaning and legal significance of provisions in ExamWorks's lease with plaintiff and the terms of ExamWorks's insurance policy with defendant.

More particularly, and in pertinent part, ExamWorks's lease with plaintiff required ExamWorks maintain general liability insurance including:

> such endorsements to the commercial general liability policy or otherwise obtain insurance to insure all liability arising from such activity or matter . . . in such amounts as [plaintiff] may reasonably require[], insuring [ExamWorks], and adding [plaintiff] . . . <u>as [an] additional insured[], against all liability for injury to or death of a person or persons or damage to property arising from the use and occupancy of the Premises</u> . . . [(Emphasis added).]

The lease further defined "Premises" as the office space ExamWorks leased in plaintiff's building.

The lease included an indemnity provision pursuant to which ExamWorks agreed to "defend, indemnify, and hold harmless [plaintiff] . . . from and against all claims, demands, liabilities, causes of action, suits, judgments, damages, and

expenses . . . arising from . . . any injury to or death of any person . . . arising from any occurrence caused by" ExamWorks's "negligence or willful misconduct" or failure to perform its lease obligations. The lease required plaintiff indemnify ExamWorks on the same terms.

The lease further provided ExamWorks's "insurance shall provide primary coverage to [plaintiff] when any policy issued to [plaintiff] provides duplicate or similar coverage." The parties agreed that where plaintiff's insurance provided duplicate or similar coverage, plaintiff's "policy will be excess over [ExamWorks's] policy."

In support of its request for coverage, plaintiff relied on provisions of ExamWorks's commercial general liability insurance policy with defendant. Plaintiff claimed coverage for Garris's claim as an additional insured under the policy, relying on a policy endorsement that added the following to the definition of "WHO IS AN INSURED":

> Any person or organization that is a premises owner, manager or lessor and that you have agreed in a written contract or agreement to name as an additional insured . . . is an insured, but only with respect to liability for "bodily injury[,]" "property damage[,]" "personal injury" or "advertising injury" that:
>
> a. Is "bodily injury" or "property damage" caused by an "occurrence" that takes place, or "personal injury" or "advertising injury" caused by an offense that is

committed, after you have signed and executed that contract or agreement; and

b. Arises out of the ownership, maintenance or use of that part of any premises leased to you.

Plaintiff also relied on a provision in the endorsement addressing the circumstances under which a premises owner's or lessor's insurance coverage is either primary to, or excess to, the insurance coverage the premise's owner has as an additional insured under the ExamWorks policy. The endorsement provides:

The insurance provided to such premises owner, manager, or lessor is excess over any valid and collectable other insurance available to such premises owner, manager or lessor, unless you have agreed in a written contract for this insurance to apply on a primary contributory basis.

In support of its summary judgment motion, plaintiff argued it was an additional insured on Garris's claim under the plain language of the policy endorsement. Plaintiff asserted it was a premises owner and lessor whose lease with ExamWorks required ExamWorks obtain general liability insurance. Plaintiff further argued Garris's accident arose out of the use of ExamWorks's premises, and, therefore, plaintiff was an additional insured under the endorsement's plainly stated conditions.

6

In support of its summary judgment motion and in opposition to plaintiff's cross-motion, defendant relied on our decision in Pennsville Shopping Center Corp. v. American Motorists Insurance Co., 315 N.J. Super. 519 (App. Div. 1998), arguing it required a denial of coverage because the lease's indemnification provision, requiring plaintiff indemnify ExamWorks for plaintiff's negligence, was inconsistent with the provision of coverage to plaintiff as an additional insured under the policy. Defendant also asserted Garris's injuries did not arise out of the use of the premises leased to ExamWorks and, for that reason, plaintiff was not entitled to coverage under the endorsement's plain language.

After hearing argument, the court determined that, although Garris did not slip and fall within the physical premises leased by ExamWorks, her injuries arose out of the use of ExamWorks's premises within the endorsement's plain meaning. The court rejected defendant's reliance on Pennsville, finding that, unlike the lease at issue in Pennsville, ExamWorks's lease "does not contain a caveat excluding the landlord's negligence from landlord's indemnity." The court found Pennsville inapposite; determined plaintiff met the endorsement's requirements as an additional insured; and granted plaintiff summary judgment.

7

The court entered an order granting plaintiff summary judgment and denying defendant's motion.

Defendant filed a reconsideration motion, arguing the court erred in finding the ExamWorks lease did not include an indemnification provision similar to the one before the court in Pennsville. The court explained that, upon reconsideration, it found the indemnification provision in ExamWorks's lease was "analogous" to the provision considered in Pennsville; plaintiff agreed to indemnify ExamWorks for plaintiff's negligence; and plaintiff acknowledged it was responsible for snow and ice removal. The court found that, even though Garris's accident "arose out of the tenant's use of a leased premise[s,] it was outside of the reasonable expectations of the lease contract between the parties that . . . [ExamWorks] would be required to indemnify [plaintiff] for [plaintiff's] negligence."

The court determined that based on the reasonable expectations of the parties, as gleaned from the court's review of the lease, plaintiff "should not be entitled to the additional insured coverage under" the ExamWorks policy. The court entered an order granting defendant's reconsideration motion, granting defendant summary judgment, and denying plaintiff's summary judgment motion. This appeal followed.

II.

"Motions for reconsideration are governed by Rule 4:49-2, which provides that the decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). We therefore review a decision on a motion for reconsideration under the abuse of discretion standard. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). An abuse of discretion occurs "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Plaintiff argues the motion court abused its discretion by ignoring the policy's plain language and relying on the terms of ExamWorks's lease to determine whether plaintiff was an additional insured under the policy. Plaintiff contends Garris's injuries arose out of the use of the premises leased by ExamWorks and, as a result, plaintiff is an additional insured entitled to a defense and indemnification under the policy. Plaintiff also argues the Pennsville decision is inapposite, and the court erred by relying on it to support

9

its decision to grant defendant's reconsideration motion and enter summary judgment in defendant's favor.

The court's determination on reconsideration—that plaintiff is not entitled to coverage under the policy as a matter of law—therefore requires our consideration of its decision on the cross-motions for summary judgment. This court "appl[ies] the same standard the judge applied in ruling on summary judgment." Wear v. Selective Ins. Co., 455 N.J. Super. 440, 453 (App. Div. 2018). We must determine whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party, Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 38-41 (2012), and whether, based on the undisputed facts, the moving party "must prevail as a matter of law," Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)). This court reviews the trial court's determination of legal issues de novo. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016); Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Neither party argues there were fact issues precluding a proper award of summary judgment on the cross-motions. They agree the issue presented to the court was whether, based on the undisputed facts, plaintiff was an additional

insured under the ExamWorks policy as a matter of law. Thus, the issue decided by the court on the cross-motions for summary judgment and reconsideration motion was a question of law that we review de novo "independent of the [motion] court's conclusions." Thompson v. James, 400 N.J. Super. 286, 291 (App. Div. 2008) (quoting Simonetti v. Selective Ins. Co., 372 N.J. Super. 421, 428 (App. Div. 2004)); see also Wear, 455 N.J. Super. at 453 (explaining "[t]he interpretation of an insurance policy upon established facts is a question of law for [this] court to determine").

Our interpretation of an insurance contract is guided by well-established principles. "[T]he basic rule is to determine the intention of the parties from the language of the policy, giving effect to all parts so as to give a reasonable meaning to the terms." Simonetti, 372 N.J. Super. at 428. We must "give the policy's words 'their plain, ordinary meaning,'" Wear, 455 N.J. Super. at 453 (quoting Nav-Its, Inc. v. Selective Ins. Co., 183 N.J. 110, 118 (2005)), and we "cannot make a better [or different] contract for [the] parties than the one" to which they agreed, Simonetti, 372 N.J. Super. at 428. In sum, we "must enforce the contract as written." Simonetti, 372 N.J. Super. at 428.

Generally, "policies should be construed liberally in . . . favor [of the insured] to the end that coverage is afforded 'to the full extent that any fair

interpretation will allow.'" Kievit v. Loyal Protective Life Ins. Co., 34 N.J. 475, 482 (1961) (citation omitted). When the parties dispute the interpretation of the policy, "it is the insured's burden to bring the claim within the basic terms of the policy." Polarome Int'l, Inc. v. Greenwich Ins. Co., 404 N.J. Super. 241, 258 (App. Div. 2008) (quoting Rosario v. Haywood, 351 N.J. Super. 521, 529 (App. Div. 2002)).

Courts will ordinarily resolve ambiguities in an insurance policy in favor of the insured. Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 571 (1999). However, where there is no ambiguity in the policy, the court "may not engage in a strained construction to impose a duty on the carrier that is not contained in the policy." Polarome, 404 N.J. Super. at 259.

An ambiguity exists only if the terms are reasonably susceptible to at least two interpretations. Schor v. FMS Fin. Corp., 357 N.J. Super. 185, 191 (App. Div. 2002). However, the ambiguity itself must arise out of the four corners of the contract. See Rena, Inc. v. Brien, 310 N.J. Super. 304, 321 (App. Div. 1998) (stating coverage is determined by the terms of the insurance contract).

The additional insured endorsement to the ExamWorks policy is plainly written and unambiguous according to well-settled judicial interpretation. In pertinent part, it first provides that a "premises owner, manager or lessor," such

12

as plaintiff, which the tenant "agree[s] in a written contract or agreement to name as an additional insured . . . <u>is an insured</u> . . . with respect to liability for 'bodily injury' . . . caused by an 'occurrence' that takes place . . . after," the tenant "sign[s] and execute[s] that contract or agreement" (emphasis added). The undisputed facts establish plaintiff satisfied these requirements. As noted, plaintiff was the owner and lessor of the premises leased by ExamWorks; in ExamWorks's lease with plaintiff, ExamWorks agreed to name plaintiff as an additional insured in its commercial general liability policy; and Garris's accident occurred after the lease was executed.

The only remaining condition in the endorsement for plaintiff's qualification as an additional insured is whether Garris's bodily injury "[a]rise[s] out of the ownership, maintenance or use of that part of any premises leased to" ExamWorks. Again, the facts related to Garris's fall are not disputed. ExamWorks leased office space from plaintiff in a building plaintiff owned. Garris, who was employed by ExamWorks, drove her vehicle to the building to work in ExamWorks's leased premises and fell after she exited her vehicle in the parking lot adjacent to the building's front door and walked toward the building to go to work.

Defendant argues Garris's fall did not arise out of the "use of" the part of the premises—the space within the building—leased by ExamWorks, and, for that reason, plaintiff does not qualify as an additional insured. Plaintiff contends that under well-established case law, Garris's fall while attempting to walk into the building to work for ExamWorks is an occurrence arising out of the use of the premises ExamWorks leased, and, as a result, the final condition for plaintiff's qualification as an additional insured was satisfied.

The term "arising out of" is not capable of a precise definition, Harrah's Atlantic City, Inc. v. Harleysville Insurance Co., 288 N.J. Super. 152, 157 (App. Div. 1996), but it is interpreted "in a broad and comprehensive sense to mean 'originating from the use of' or 'growing out of the use of' the leased premises," ibid (quoting Franklin Mut. Ins. Co. v. Security Indem. Ins. Co., 275 N.J. Super. 335, 340 (App. Div. 1994)). For an occurrence to arise out of the use of leased premises, it is not necessary to demonstrate the occurrence occurred within the leased premises. In Harrah's, we explained that "[b]y using the 'arising out of . . .' phrase, the insurer . . . necessarily understood . . . it was providing coverage to the landlord against accidents occurring outside of the leased premises." 288 N.J. Super. at 157.

To establish an occurrence arises out of the use of leased premises, there must be shown "a substantial nexus between the occurrence and the use of the leased premises in order for the coverage to attach." Liberty Vill. Assocs. v. W. Am. Ins. Co., 308 N.J. Super. 393, 399 (App. Div. 1998) (quoting Franklin Mut. Ins. Co., 275 N.J. Super. at 340-41). "Physical proximity between the leased premises and the scene of the accident" is not essential for coverage. Liberty Vill. Assocs., 308 N.J. Super. at 401. Instead, all that is required is a showing the incident originated from the use of the leased premises and "fell within the landscape of risk" that is reasonably expected to be insured against. Ibid.; Harrah's, 288 N.J. Super. at 159. "[W]here the landlord can trace the risk creating its liability directly to the tenant's business presence, . . . it can be truly said that the accident originated from or grew out of the leased premises." Harrah's, 288 N.J. Super. at 158-59.

Under this standard, Garris's accident arose out of ExamWorks's use of the premises it leased from plaintiff. Indeed, Garris traveled to the building for the sole purpose of working at ExamWorks's leased premises, and she fell after exiting her vehicle and walking to the building for the singular purpose of working within the leased premises. Plaintiff's liability is directly tied to ExamWorks's leased space within plaintiff's building; Garris was on plaintiff's

15

property exclusively for the purpose of working within the leased premises. Ibid. Thus, there is a substantial nexus between the occurrence of Garris's accident and the leased premises, and the accident and her injuries arose out of the use of ExamWorks's leased premises within the plain and established meaning of the insurance policy. See, e.g., Liberty Vill. Assocs., 308 N.J. Super. at 405 (finding an individual's slip and fall as she approached the door to the tenant's store constituted an occurrence arising out of the use of the tenant's leased premises); Harrah's, 288 N.J. Super. at 159 (finding a tenant's customer's slip and fall in the landlord's parking lot after leaving the tenant's store was an occurrence arising out of the use of the tenant's premises); Franklin Mut. Ins. Co., 275 N.J. Super. at 340 (finding a tenant's customer's slip and fall on steps leading from the leased premises constituted an occurrence arising out of the tenant's use of the premises).

We are convinced the undisputed facts establish plaintiff is an additional insured under the policy's plain language. ExamWorks had a written agreement—the lease with plaintiff—requiring it obtain commercial liability insurance naming plaintiff as an additional insured; there was an occurrence—Garris's fall and resulting injuries—after the lease was signed; and Garris's fall was an occurrence arising out of the use of ExamWorks's leased premises.

Under the insurance policy's plain language, and according to well-settled judicial interpretation, each condition required for plaintiff to obtain coverage as an additional insured was satisfied.

The court initially determined plaintiff was an additional insured, but on defendant's motion for reconsideration the court relied on the lease between ExamWorks and plaintiff, concluding plaintiff "should not be entitled to the additional insured coverage under" the policy. In doing so, the court erred by failing to give effect to the policy's plain language, and by incorrectly relying on the lease to define the coverage under the policy.

"If the language [of an insurance policy] is clear, that is the end of the inquiry." Jeffrey M. Brown Assocs., Inc. v. Interstate Fire & Cas. Co., 414 N.J. Super. 160, 165 (App. Div. 2010) (quoting Chubb Custom Ins. Co. v. Prudential Ins. Co., 195 N.J. 231, 238 (2008)). A court is permitted to consider "'extrinsic evidence as an aid to interpretation' only if there is ambiguity in the language of the insurance policy." Ibid. (quoting Chubb Custom Ins. Co., 195 N.J. at 238). Where, as here, there is no ambiguity in the additional insured endorsement to the policy, and the undisputed facts establish its express conditions are satisfied, the court could not properly rely on the lease between ExamWorks and plaintiff to define the coverage under the policy. As we noted in Jeffrey M. Brown

Assocs., "the extent of coverage . . . is controlled by the relevant policy terms, not by the terms of the underlying . . . contract that required the named insured to purchase coverage," id. at 171 (quoting Bovis Lend Lease LMB, Inc. v. Great Am. Ins. Co., 855 N.Y.S.2d 459, 464 (N.Y. App. Div. 2008)), and "[a]n insurer's duties are defined by what it contracted to do, not by what the insured contracted to do," id. at 172 (citation omitted).

We reject defendant's claim our decision in Pennsville requires a different result. In Pennsville, the plaintiff landlord sought coverage as an additional insured under a tenant's policy where the tenant's customer filed a claim against the landlord for injuries suffered when the customer fell in the parking lot. 315 N.J. Super. at 521. The court relied on the lease between the landlord and tenant to determine that coverage under the tenant's policy's additional insured endorsement was limited to claims occurring only on the leased premises. Id. at 523.

As we explained in Jeffrey M. Brown Assocs., the court in Pennsville appropriately resorted to extrinsic evidence—the lease between the landlord and tenant—to interpret the policy because, although the court "did not quote the additional insured endorsement in the tenant's policy, the language of that endorsement was presumably ambiguous." 414 N.J. Super. at 171. Thus, the

18

Pennsville decision is inapposite here; the additional insured endorsement is unambiguous, and, on reconsideration, the court erred by relying on the terms of ExamWorks's lease with plaintiff to define the coverage provided under the policy.  See id. at 171-72; see also W9/PHC Real Estate LP v. Farm Family Cas. Ins. Co., 407 N.J. Super. 177, 193 (App. Div. 2009) (explaining an insurer's duty arises from the policy terms, not the insured's promise in a separate indemnification agreement).

We reverse the court's order granting defendant's motion for reconsideration of the order granting plaintiff summary judgment and denying defendant's motion for summary judgment.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1221-18T2